DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Klare Stano, aka Kozak ("Wife"), appeals from the judgment of the Medina County Domestic Relations Court. This Court dismisses the appeal.
 I. {¶ 2} Wife and Husband, Kenneth Stano, were married on April 21, 2001. Upon the marriage, Wife sold her home in Canada and moved to Medina, Ohio. Wife had two children from a previous marriage. No children were born of Husband and Wife's marriage. In 2006, the parties bought a home in Canada. However, in the summer of 2006, the parties set up separate households, Wife in Canada and Husband in Medina. On November 7, 2006, Husband filed for divorce in the Medina County Domestic Relations Court.
 {¶ 3} On May 31, 2007, an agreed journal entry was filed, granting each party the exclusive use of their respective residences, and ordering each party to pay their own expenses associated with the properties. On September 24, 2007, the trial court held a hearing on the *Page 2 
divorce complaint. On March 31, 2008, the trial court issued its judgment entry of divorce. Wife timely appealed from this decision, raising four assignments of error for our review. We have combined Wife's assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR I "THE COURT ERRED IN FINDING THAT [WIFE'S] CHILDREN'S STUDENT LOANS IN [HUSBAND'S] NAME WERE [WIFE'S] SEPARATE DEBT AND ORDERING [WIFE] TO REFINANCE OR REIMBURSE [HUSBAND] BY A WAGE WITHHOLDING ORDER."
 ASSIGNMENT OF ERROR II "THE COURT ERRED IN FINDING THAT [HUSBAND'S] GYM MEMBERSHIP DEBT WAS [WIFE'S] SEPARATE DEBT."
 ASSIGNMENT OF ERROR III "THE COURT ERRED IN FINDING THAT [WIFE'S] CHILDREN'S INSURANCE AND MEDICAL BILLS INCURRED DURING MARRIAGE WERE [WIFE'S] SEPARATE DEBT."
 ASSIGNMENT OF ERROR IV "THE COURT ERRED IN FINDING THAT [HUSBAND'S] VONAGE PHONE SERVICE BILL WAS [WIFE'S] SEPARATE DEBT."
 {¶ 4} In her assignments of error, Wife takes issue with the trial court's ruling on the disposition of property as stated in the judgment of divorce. We find that we lack jurisdiction to address the merits of Wife's contentions.
 {¶ 5} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. See Harkai v. Scherba Industries, Inc.
(2000), 136 Ohio App.3d 211, 219. "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ. R. 54(B), if applicable, must be satisfied." (Citation omitted.) *Page 3 Konstand v. Barberton, 9th Dist. No. 21651, 2003-Ohio-7187, at ¶ 4. This Court has repeatedly found, most notably in Harkai,136 Ohio App.3d at 216, that in order to constitute a final appealable order
 "`[t]he content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court.'" Harkai 136 Ohio App.3d at 216, quoting Walker v. Walker (Aug. 5, 1987), 9th Dist. No. 12978, at *2.
 {¶ 6} In the instant case, the trial court expressly reserved jurisdiction regarding adjustments to the marital debt and expenses based upon the parties' arrearages. The trial court's judgment for divorce states that a journal entry would be prepared with regard to the reduction. Our review of the record reveals that such an entry is not before this Court. We find that the trial court's entry is indefinite, and therefore we are unable to determine the parties' rights and obligations. Id.
 {¶ 7} Moreover, we find that the trial court's "Final Judgment Entry" does not comport with Civ. R. 75(F), in that it does not fully divide the parties' property, i.e., the marital debts, nor does it finally determine issues of property division. Civ. R. 75(F)(1) and (2). Accordingly, as we find that the trial court's entry of March 31, 2008 was not a final, appealable, order, we dismiss for lack of jurisdiction.
 III. {¶ 8} Wife's assignments of error are not addressed. This Court lacks jurisdiction over the appeal. The appeal, therefore, is dismissed.
 Appeal dismissed. *Page 4 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 SLABY, J. WHITMORE, J. CONCUR *Page 1