[Cite as *Smith v. Smith*, 2011-Ohio-2506.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| CRAIG SMITH | | C.A. No. 24993 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JANE C. SMITH | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. 2008-07-2178 |

DECISION AND JOURNAL ENTRY

Dated: May 25, 2011

DICKINSON, Judge.

## INTRODUCTION

**{¶1}** Craig and Jane Smith divorced after 41 years of marriage. Mr. Smith attempted to appeal the decree, but this Court dismissed the appeal because the trial court had not disposed of the Smiths' 2008 tax refund. On remand, the trial court entered a journal entry incorporating the decree and disposing of the refund. Mr. Smith has again attempted to appeal the trial court's decision. We again dismiss the appeal because the trial court has not divided all of the parties' marital debt, and its "Nunc Pro Tunc" journal entry attempting to cure the problem is void.

## JURISDICTION

**{¶2}** Under the Ohio Constitution, Ohio's courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district . . . ." Ohio Const. Art. IV § 3(B)(2). The Ohio Supreme Court has held that Article IV Section 3(B)(2) "empower[s] the

General Assembly to alter the appellate jurisdiction of the Court of Appeals." *State v. Collins*, 24 Ohio St. 2d 107, 108 (1970). The Ohio General Assembly, in Section 2501.02 of the Ohio Revised Code, has provided that the courts of appeals "shall have jurisdiction . . . to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district . . . ." See also R.C. 2505.03(A) (providing that "[e]very final order, judgment, or decree of a [lower] court . . . may be reviewed on appeal[.]"). "It is a basic principle of our system of appellate procedure that only judgments and final orders are subject to review." *Humphrys v. Putnam*, 172 Ohio St. 456, 457 (1961).

{¶3} Even if a trial court's journal entry is a judgment or final order, it is not appealable if it does not comply with the rules prescribed by the Ohio Supreme Court regarding the timing of appeals. Under Article IV Section 5(B) of the Ohio Constitution, the Ohio Supreme Court has authority to "prescribe rules governing practice and procedure in all courts of the state . . . ." Exercising that authority, the Supreme Court has prescribed the Ohio Rules of Civil and Appellate Procedure, which contain requirements regarding the timing of appeals. See *Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St. 2d 158, 160-61 (1977) ("Questions involving the joinder and separation of claims and the timing of appeals are matters of practice and procedure within the rule-making authority of this court . . . ."). For instance, under Rule 54(B) of the Ohio Rules of Civil Procedure, "[if] more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." According to the Ohio Supreme Court, if Rule 54(B) is applicable, a judgment must comply with it to be appealable. *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St. 2d 184, 186 (1972).

{¶4} Civil Rule 54(B) operates differently in divorce, dissolution, annulment, and legal separation cases. Civ. R. 75(F). Under Rule 75(F), "the court shall not enter final judgment as to a claim for divorce . . . unless one of the following applies: (1) The judgment also divides the property of the parties . . . (2) Issues of property division . . . have been finally determined in orders, previously entered by the court, that are incorporated into the judgment; [or] (3) The court includes in the judgment the express determination required by Civ. R. 54(B) and a final determination that either of the following applies: (a) The court lacks jurisdiction to determine such issues; [or] (b) In a legal separation action, the division of the property of the parties would be inappropriate at that time." *Wilson v. Wilson*, 116 Ohio St. 3d 268, 2007-Ohio-6056, at ¶15 (noting that Civil Rule 75(F) prohibits a court from entering final judgment unless its judgment complies with that rule).

{¶5} This Court has held that the term "property" under Civil Rule 75(F) includes marital debt. *Stano v. Stano*, 9th Dist. No. 08CA0029-M, 2008-Ohio-5527, at ¶7 (overruled on other grounds *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139); see also *Marrero v. Marrero*, 9th Dist. No. 02CA008057, 2002-Ohio-4862, at ¶43. The trial court's decree, as incorporated by the journal entry it entered on remand, does not divide the loans that Mr. Smith took out to pay for the Smiths' sons' college educations. It, therefore, does not comport with Rule 75(F). *Stano*, 2008-Ohio-5527, at ¶7.

{¶6} Mr. Smith has argued that the court implicitly ordered him to assume all of the college loan debt, noting that it modified its spousal support calculation based on its estimate that he owed approximately $1000 per month on the loans. Although the court found that Mr. Smith's loan repayment expenses would be extraordinary, it did not identify the number of loans that he had or their amounts. The court's finding regarding child support is not inconsistent with

a property division that assigns some of the college loan debt to Ms. Smith, while assigning the majority to Mr. Smith. We conclude, therefore, that the trial court's language, which referred only to Mr. Smith's spousal support obligation, was insufficient to assign the college loan debt to Mr. Smith for purposes of Civil Rule 75(F).

{¶7} After Mr. Smith appealed the decree for a second time, the trial court recognized that it had not divided the college loan debt and entered a "Judgment Entry Nunc Pro Tunc" attempting to correct the omission. "Once a case has been appealed," however, "the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.*, 106 Ohio St. 3d 11, 2005-Ohio-3215, at ¶9. "The trial court [only] retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *Id.*; see *Ferraro v. B.F. Goodrich Co.*, 149 Ohio App. 3d 301, 2002-Ohio- 4398, at ¶10 (concluding that trial court could use a nunc pro tunc entry to add language to an order that there was no just reason for delay under Rule 54(B) of the Ohio Rules of Civil Procedure). The fact that an appellate court does not have jurisdiction over an appeal is immaterial because "the determination as to the appropriateness of an appeal lies solely with the appellate court." *In re S.J.*, 2005-Ohio-3215, at ¶10. "A [trial] judge has no authority to determine the validity or merit of an appeal." *Id.*

{¶8} Mr. Smith's first assignment of error is that the trial court incorrectly divided the parties' property "in that it did not equitably and equally divide debt which the parties accrued during the marriage for valid marital purposes." Accordingly, in its "Judgment Entry Nunc Pro Tunc," the trial court attempted to modify its disposition of an issue that the parties specifically raised on appeal. Its judgment entry, therefore, is inconsistent with this Court's jurisdiction over that issue and is void. *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga County*

*Court of Common Pleas*, __ Ohio St. 3d __, 2011-Ohio-626, at ¶14-18; *In re S.J.*, 106 Ohio St. 3d 11, 2005-Ohio-3215, at ¶15.  Mr. Smith's appeal is dismissed.

CONCLUSION

{¶9}  The trial court's decree is not a final judgment under Rule 75(F) of the Ohio Rules of Civil Procedure because it does not divide all of the marital debt.  The appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

LESLIE S. GRASKE, Attorney at Law, for Appellant.

RANDAL A. LOWRY, and KENNETH L. GIBSON, Attorneys at Law, for Appellee.