[Cite as *State v. Lamb*, 2011-Ohio-3454.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.     25478 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY D. LAMB | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 10 03 0686(A) |

DECISION AND JOURNAL ENTRY

Dated: July 13, 2011

MOORE, Judge.

{¶1}  Appellant, Anthony Lamb, appeals from the judgment of the Summit County Court of Common Pleas. We reverse in part because the court did not make a finding regarding whether Mr. Lamb is able to pay court-appointed attorney fees.

I.

{¶2}  On March 25, 2010, Anthony Lamb was indicted on one count of tampering with evidence in violation with R.C. 2921.12, a felony of the third degree, one count of possession of cocaine in violation of R.C. 2925.1, a felony of the fourth degree, and one count of improper registration, a misdemeanor of the fourth degree. The possession of cocaine charge contained a criminal forfeiture specification. The charges were tried to a jury on June 2, 2010. On June 3, 2010, Mr. Lamb was found not guilty of tampering with evidence and possession of cocaine. The jury found him guilty of improper registration.

**{¶3}** On June 3, 2010, a sentencing hearing was held. The trial judge acknowledged that Mr. Lamb had already been sentenced on a domestic violence case and a three-year prison sentence had been imposed. Thus, the sentence imposed at this hearing would be served during the three-year sentence. Mr. Lamb was sentenced to thirty days in jail and fined the maximum amount of two hundred fifty dollars. Mr. Lamb was also ordered to pay the costs of prosecution as well as his count-appointed attorney fees. The journal entry imposing the above sentence was filed on June 9, 2010.

**{¶4}** Mr. Lamb timely filed a notice of appeal and raises one assignment of error for our review.

II.

## **ASSIGNMENT OF ERROR**

"THE TRIAL COURT ERRED WHEN IT IMPOSED COURT-APPOINTED ATTORNEY'S FEES AS COSTS[.]"

**{¶5}** In his sole assignment of error, Mr. Lamb contends that the trial court erred when it imposed his court-appointed attorney fees as costs. We agree.

**{¶6}** Under R.C. 2941.51(D), "[t]he [attorney] fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay."

**{¶7}** This Court has previously held that "the court must make a determination that the defendant is financially capable of paying for his appointed counsel before assessing court-appointed attorney fees." *State v. Malone*, 9th Dist No. 09CA009732, 2010-Ohio-5658, at ¶11, quoting *State v. Warner* (Sept. 21, 2001), 9th Dist. No. 96CA006534, at *3.

{¶8}    In *Malone*, the trial court failed to make an ability-to-pay finding at either the sentencing hearing or in the sentencing entries.  Id. at ¶12.  We concluded that the trial court, therefore, incorrectly ordered the defendant to pay the court-appointed attorney fees.  Id.  Here, the trial court also failed to make such a determination at the sentencing hearing or in the sentencing entry.  At the sentencing hearing, the trial court simply said, "[b]ased on the evidence I've heard [during trial] about this man's financial situation and some of the possessions he had, I am going to order him as part of this case to pay the costs of his attorney's fee as part of the costs in this case."  The sentencing entry stated that Mr. Lamb's "appointed attorney fees shall be taxed as costs in this case."  The court's recitation does not equate to a "finding on the record that the defendant had the ability to pay the attorney fees."  *Warner,* 9th Dist. No. 96CA006534, at *3.

{¶9}    The trial court noted that taxing costs in such a manner "is not anything different from the other judges and what they're doing in this court" and that it "is now standard practice."  Court practice notwithstanding, the statute specifically requires that certain procedures be employed.  In the absence of following statutory directives, the court incorrectly ordered Mr. Lamb to pay the court-appointed attorney fees.  It failed to make a finding on the record that he had the ability to pay such fees.  We have independently reviewed the transcript and found no evidence to support a conclusion regarding Mr. Lamb's ability to pay.  Mr. Lamb's sole assignment of error is sustained.

### III.

{¶10}  Mr. Lamb's assignment of error is sustained.  The trial court incorrectly ordered Mr. Lamb to pay court-appointed attorney fees without making a finding that he is able to pay

them. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part.

Judgment affirmed in part
and reversed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
BELFANCE, P. J.
CONCUR

APPEARANCES:

THOMAS D. BOWN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.