[Cite as *State v. Clark*, 2013-Ohio-2984.]

STATE OF OHIO        )                  IN THE COURT OF APPEALS
                            )ss:              NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

STATE OF OHIO                       C.A. No.     26673

     Appellee

     v.                                APPEAL FROM JUDGMENT
                                     ENTERED IN THE
GREGORY S. CLARK             COURT OF COMMON PLEAS
                                     COUNTY OF SUMMIT, OHIO
     Appellant                  CASE No.     CR 11 12 3566

DECISION AND JOURNAL ENTRY

Dated: July 10, 2013

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant appeals from the judgment of the Summit County Court of Common Pleas. For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2} In January 2012, Mr. Clark was indicted on one count of aggravated possession of drugs, one count of possessing criminal tools, one count of possessing drug abuse instruments, one count of obstructing official business, five counts of breaking and entering, and six counts of receiving stolen property. Later a supplemental indictment was filed charging Mr. Clark with two more counts of receiving stolen property. Ultimately, Mr. Clark pleaded guilty to aggravated possession of drugs, obstructing official business, one count of breaking and entering, and one count of receiving stolen property. The trial court sentenced Mr. Clark to an aggregate term of 30 months but suspended the sentence on the condition that Mr. Clark complete three

years of community control, which included the condition that Mr. Clark successfully complete the Community Based Correctional Facility Program ("CBCFP") at Oriana House.

**{¶3}** Mr. Clark was subsequently discharged from the program at Oriana House without completing it. The trial court held a hearing on the violation and found Mr. Clark guilty of violating the terms of his community control and imposed the previously suspended sentence. Mr. Clark has appealed, raising six assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND CLARK GUILTY OF THE COMMUNITY CONTROL VIOLATION BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT SUCH A FINDING.

**{¶4}** Mr. Clark asserts in his first assignment of error that there was insufficient evidence to support the trial court's finding that Mr. Clark violated the conditions of his community control. We do not agree.

**{¶5}** "[T]his Court has written that there are 'competing views as to whether the State's burden of proof in instances of community-control violations is "substantial evidence" or "preponderance of the evidence."'" *State v. Tooley,* 9th Dist. Medina Nos. 09CA0098-M, 09CA0099-M, 09CA0100-M, 2011-Ohio-2449, ¶ 2, quoting *State v. Ricks*, 9th Dist. Medina No. 09CA0094–M, 2010–Ohio–4659, ¶ 9, quoting *State v. Walton*, 9th Dist. Lorain No. 09CA009588, 2009–Ohio–6703, ¶ 14–16. We conclude we do not need to determine the correct burden at this time because Mr. Clark does not raise the issue, and the State maintains that the evidence presented would meet either burden. *See Tooley* at ¶ 2. We agree with the State's assertion.

{¶6} Mr. Clark acknowledges that one of the conditions of his community control was that he successfully complete the CBCFP. Additionally, he does not contest that he was terminated from the CBCFP without successfully completing it. Instead, his argument on appeal is essentially that there was insufficient evidence he violated the CBCFP rules, and thus, there was insufficient evidence that he violated a condition of his community control. Basically, Mr. Clark asserts that he should not have been terminated from the CBCFP and, thus, should not have been found guilty of a community control violation. It would seem that Mr. Clark is actually either asserting a defense to the violation (i.e. he technically violated community control by not completing the program but the failure to complete the program was not his fault) or a defense to the revocation upon the finding of a violation (i.e. he violated community control, but he should not be sent to prison because the termination was not justified because the contraband was not his). However, even assuming without deciding that Mr. Clark's argument would go to whether there was sufficient evidence to support a violation, we conclude Mr. Clark's argument is without merit.

{¶7} At the hearing, the State presented the testimony of Danielle Sampson, who was employed with Summit County Adult Probation Department as an adult probation officer; however, she was not Mr. Clark's probation officer. Nonetheless, Ms. Sampson discussed Mr. Clark's case with his probation officer. Ms. Sampson testified that it is typical for the probation officer to review the rules with the probationer when he or she is first assigned to the probation officer. The State presented as an exhibit a copy of the Summit County Adult Probation Department Rules which were signed by Mr. Clark and his probation officer and included that the rule that Mr. Clark "must complete CBCF successfully." The State also submitted as evidence Mr. Clark's journal entry of conviction which listed as condition five of Mr. Clark's

community control that Mr. Clark enter "and successfully complete the [CBCFP] operated by the Oriana House and follow through with all aftercare counseling and treatment as directed." In addition, the State presented as an exhibit a letter to Mr. Clark, signed by Mr. Clark's probation officer indicating that Mr. Clark violated condition five of his community control when he was "terminated from the program on 9/20/12 for having K-2 in [his] possession." The letter was signed by Mr. Clark as having been received by him. It is arguable that the evidence discussed above would alone be sufficient to demonstrate that Mr. Clark violated his community control. The letter evidences that Mr. Clark was terminated from the CBCFP and that the termination was for cause and not for something outside of his control. *See State v. Pullen-Morrow,* 2d Dist. Montgomery No. 24862, 2012-Ohio-3605, ¶ 22. Moreover, the evidence supports the conclusion that Mr. Clark was aware of the conditions of his community control.

{¶8}     However, for purposes of our sufficiency analysis, even assuming that it was necessary for the trial court to be presented with more evidence that Mr. Clark was terminated from the CBCFP for good cause, such testimony was presented. Clarence Allen, an employee of Oriana House, testified to finding Mr. Clark with prohibited items. Mr. Allen testified that:

> I went into the bed area where Mr. Clark and two other clients were at. They were sitting in the back area of the facility. I smelled a loud smell of weed in the area. I walked to the back of the facility where the three gentlemen were sitting. Mr. Clark was sitting against his locker on the stool. Mr. McCoy was sitting on his bed, and another resident, Craig Consilio, he was sitting against the wall on a stool. * * * When I walk[ed] up, Mr. McCoy [was] reading the paper[.] * * * I ask[ed] the question, "What's going on?" They all kind of answer the same, "We're just sitting here, reading the paper, talking about the paper." I asked the three gentlemen to stand up. They all stand up at the same time. Mr. McCoy jumps up from his bed, walks in front of me. * * * [T]hat's when I immediately asked them to walk up to the intake area where I could be assisted by other staff.

{¶9}     At that point Mr. Allen found what was described as a half-smoked joint under Mr. Clark's left foot. Mr. Allen confiscated the rolled substance. He indicated that, since

ultimately the three men tested negative for marijuana, the substance was presumed to be K-2 which the facility did not have the capability to test for at the time. Mr. Allen indicated that anyone using K-2 would be terminated from the facility. He stated that, while the clients could possess brand-name cigarettes, they could not possess hand-rolled cigarettes or rolling papers and that such was considered contraband. Mr. Allen testified that possession of "any contraband could be subject to termination." Mr. Allen stated that the joint he picked up from under Mr. Clark's foot did not smell like brand-name cigarettes, but instead smelled like "weed[.]"

{¶10} In light of the foregoing, we conclude that the trial court was presented with sufficient evidence that Mr. Clark violated community control by unsuccessfully completing the CBCFP. Moreover, there was sufficient evidence that Mr. Clark was terminated from the program for cause. Mr. Clark's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

CLARK'S CONVICTION FOR COMMUNITY CONTROL VIOLATION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶11} Mr. Clark asserts in his second assignment of error that the trial court's finding that he violated community control was against the manifest weight of the evidence. We do not agree.

{¶12} This Court applies the same standard of review in reviewing both civil and criminal challenges to the weight of the evidence. *See Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 17. Thus,

> [t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

(Internal quotations and citations omitted.) *Id.* at ¶ 20.

**{¶13}** Mr. Clark testified and essentially denied that he possessed the contraband at issue. Mr. Clark testified that the contraband found was not his, that he did not smoke it, and that he had never smoked K-2. Mr. Clark also stated that the item was found on the ground and was not under his foot. Further, Mr. Clark testified concerning all the portions of the CBCFP that he did manage to complete during his stay.

**{¶14}** Mr. Clark essentially reiterates the same arguments he made with respect to the sufficiency of the evidence, which we have previously found to be without merit. In addition, he argues that there was no evidence presented that the substance contained in the rolled cigarette was K-2 and that there was no evidence that K-2 has any odor. However, Mr. Clark does not address the fact that, even assuming that the substance in the cigarette was not K-2, it was a violation to possess hand-rolled cigarettes or rolling papers. Mr. Clark also points to the evidence that the cigarette was not his and that it was not under his boot but rather on the floor. In essence, he suggests that weight of the evidence compels the conclusion that the prohibited item was not his. However, the trial court was presented with competing evidence on this point and, in assessing the credibility of the witnesses, rejected Mr. Clark's version of events. *See State v. Andrews,* 9th Dist. Summit No. 25114, 2010-Ohio-6126, ¶ 28. In light of the evidence presented and the trial court's opportunity to assess the demeanor of the witnesses, we cannot say the trial court was unreasonable in finding Mr. Allen's testimony more credible. Mr. Allen testified that he found contraband under Mr. Clark's foot, and the possession of contraband could lead to termination from the program. Accordingly, upon review of the record, we cannot say that the trial court lost its way and committed a manifest miscarriage of justice when it determined that Mr. Clark violated his community control. Mr. Clark's assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY
SENTENCING CLARK WITHOUT CREDITING THE NUMBER OF DAYS
THAT HE WAS HELD IN DETE[N]TION OR INCARCERATION PRIOR TO
HIS SENTENCE.

ASSIGNMENT OF ERROR IV

CLARK WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE
ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL
FAILED TO OBJECT AT HIS SENTENCING HEARING THAT THE TRIAL
COURT WAS REQUIRED TO DETERMINE CLARK'S NUMBER OF DAYS
OF CONFINEMENT BEFORE SENTENCE WAS IMPOSED.

{¶15} Mr. Clark asserts in his third assignment of error that the trial court erred in failing to calculate the credit for time served to which he was due before sentencing and to include it in his sentencing entry. Mr. Clark asserts in his fourth assignment of error that his trial counsel was ineffective for failing to object to the trial court's failure to calculate jail-time credit. We conclude that Mr. Clark's third assignment of error has merit, and, therefore, Mr. Clark's fourth assignment of error is moot.

{¶16} The Supreme Court of Ohio has indicated that the failure of a trial court to calculate jail-time credit is "remediable in the ordinary course of law by appeal or motion for jail-time credit." *State ex rel. Williams v. McGinty,* 129 Ohio St.3d 275, 2011-Ohio-2641, ¶ 2; *see also* R.C. 2929.19(B)(2)(g)(iii) ("The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay."). On September 28, 2012, the date of Mr. Clark's sentencing hearing, a new version of R.C. 2929.19 became effective. The revisions to R.C. 2929.19(B)(2)(g) have

clarified a trial court's responsibilities in addressing jail-time credit. *See State v. Papczun,* 9th Dist. Summit No. 26560, 2013-Ohio-1162, ¶ 12, fn.1 (Belfance, J., concurring); *State v. Fitzgerald,* 8th Dist. Cuyahoga No. 98723, 2013-Ohio-1893, ¶ 5-7 (Boyle, J., concurring). R.C. 2929.19(B)(2)(g)(i) now states:

> Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code. The court's calculation shall not include the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶17} Thus, the trial court did have a duty to determine Mr. Clark's jail-credit at the time of sentencing and memorialize that information in the October 3, 2012 sentencing entry. *See id.* We note that, while the trial court did not fulfill that duty at the time of sentencing, on October 25, 2012, the trial court issued an entry granting Mr. Clark jail-time credit. However, that October 25, 2012 entry was issued while this matter was on appeal. "An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 9. While it is true that "[t]he trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from[,]" the trial court's October 25, 2012 entry awarding jail-time credit interfered and was inconsistent with this Court's jurisdiction. *Id.* Accordingly, the trial court lacked jurisdiction to award jail-time credit in light of the appeal pending before this Court. The trial court's October 25, 2012 entry is therefore void. *See Smith v. Smith,* 9th Dist. Summit No.

24993, 2011-Ohio-2506, ¶ 8. Accordingly, we sustain Mr. Clark's third assignment of error and remand the matter so that the trial court can comply with R.C. 2929.19(B)(2)(g).

{¶18} Further, because of this, Mr. Clark's fourth assignment of error has been rendered moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING ATTORNEY FEES AGAINST DEFENDANT WITHOUT COMPLYING WITH MAKING AN "ABILITY TO PAY" FINDING AS REQUIRED UNDER R.C. 2941.51(D).

ASSIGNMENT OF ERROR VI

DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF ATTORNEY FESS UNDER R.C. 2941.51(D) WAS DEFECTIVE.

{¶19} Mr. Clark asserts in his fifth assignment of error that the trial court failed to make an ability-to-pay finding as required by R.C. 2941.51(D). Mr. Clark argues in his sixth assignment of error that his trial counsel was ineffective for failing to object to the trial court's defective imposition of attorney fees.

{¶20} R.C. 2941.51(D) states in part that:

The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay.

{¶21} This Court has held that the trial court "'must make a determination that the defendant is financially capable of paying for his appointed counsel before assessing court-appointed attorney fees.'" *State v. Malone,* 9th Dist. Lorain No. 09CA009732, 2010-Ohio-5658, ¶ 11, quoting *State v. Warner,* 9th Dist. Lorain No. 96CA0065341, 2001 WL 1155698, *3 (Sept. 21, 2001). Further, we have stated that, when the trial court fails to determine that the defendant

has the ability to pay at either the sentencing hearings or in the sentencing entries but nonetheless orders the defendant to pay attorney fees, the trial court fails to comply with R.C. 2941.51(D). *See State v. Lamb,* 9th Dist. Summit No. 25478, 2011-Ohio-3454, ¶ 8-9 (noting trial court failure to make an ability-to-pay finding on the record at either the sentencing hearing or in the sentencing entry was reversible error); *Malone* at ¶ 12 ("The trial court did not make an ability-to-pay finding at either of Mr. Malone's sentencing hearings or in either of its sentencing entries. It, therefore, incorrectly ordered Mr. Malone to pay the court-appointed attorney fees."); *see also State v. El-Jones,* 9th Dist. Summit No. 26136, 2012-Ohio-4134, ¶ 38 (concluding that the failure to inform defendant that he would be responsible for his attorney fees at the time of sentencing constituted reversible error); *State v. Rusu,* 9th Dist. Summit No. 25597, 2012-Ohio-2613, ¶ 13.

{¶22} In the instant matter, the record reveals that, when Mr. Clark was initially sentenced in June 2012, a pre-sentence investigation report was ordered and used by the trial court at sentencing. That report is not a part of this Court's record. *See* App.R. 9(B). When the trial court was ordering Mr. Clark to pay attorney fees at the June 2012 sentencing hearing, the trial court briefly inquired into Mr. Clark's work history. Then, in that sentencing entry, the trial court found that its imposition of attorney fees was "based upon the Defendant's present and future ability to pay[.]" At the September 2012 sentencing hearing, the trial court again ordered Mr. Clark to pay attorney fees. It is unclear if the trial court had before it at the September 2012 sentencing hearing the pre-sentence investigation report from June 2012. In the related sentencing entry journalized in October 2012, the trial court again stated that the imposition of attorney fees was "based upon the Defendant's present and future ability to pay[.]"

**{¶23}** We conclude that the trial court complied with R.C. 2941.51(D) and our precedent interpreting that statute. The trial court informed Mr. Clark that it was ordering him to pay attorney fees and made an ability-to-pay finding in its judgment entry. Mr. Clark has not asserted on appeal that the trial court had no basis upon which to make the finding it did given the evidence before it. *See State v. Williams,* 6th Dist. Lucas No. L-11-1084, 2013-Ohio-726, ¶ 51. Furthermore, Mr. Clark had the opportunity at sentencing to contest his ability to pay the attorney fees but did not do so. Mr. Clark's fifth assignment of error is overruled. Additionally, because we have determined there was no error in the trial court's compliance with R.C. 2941.51(D), Mr. Clark cannot demonstrate his trial counsel's failure to challenge the trial court's imposition of attorney fees was ineffective. *See El-Jones,* 2012-Ohio-4134, at ¶ 45. Mr. Clark's sixth assignment of error is overruled.

III.

**{¶24}** In light of the foregoing, we sustain Mr. Clark's third assignment of error and overrule Mr. Clark's remaining assignments of error. The matter is remanded to the Summit County Court of Common Pleas for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.