[Cite as *State v. Ross*, 2014-Ohio-1675.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 13CA0015 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSHUA A. ROSS | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 12-CR-0417 |

DECISION AND JOURNAL ENTRY

Dated: April 21, 2014

CARR, Judge.

{¶1} Appellant Joshua Ross appeals the judgment of the Wayne County Court of Common Pleas. This Court affirms in part, reverses in part, and remands for resentencing.

I.

{¶2} Ross was indicted on one count of aggravated robbery (count 1), a felony of the first degree; one count of aggravated burglary (count 2), a felony of the first degree; one count of robbery (count 3), a felony of the second degree; and one count of having weapons while under disability (count 4), a felony of the third degree. Each of the four counts included an identical firearm specification. Pursuant to the indictment, all four counts were alleged to have occurred on or about November 15, 2012, arising out of the same course of conduct.

{¶3} The parties engaged in plea negotiations, resulting in the State's dismissal of counts 1 and 3, and its amendment of count 2 to burglary, a felony of the second degree, in exchange for Ross' guilty plea to amended count 2 and count 4. After Ross pleaded guilty, he

requested that the trial court proceed immediately to sentencing. The assistant prosecutor informed the court that the parties agreed as part of their plea bargain that amended count 2 and count 4 constituted allied offenses of similar import and that the sentences for those offenses would merge. The State then elected to have Ross sentenced on count 2, burglary and its attendant firearms specification.

{¶4} The trial court imposed a sentence of six years for burglary and three years for the attendant firearm specification, to be served consecutively. The trial court further imposed a sentence of three years for having weapons while under disability and three years for the attendant firearm specification, ordering those sentences to be served consecutively to one another, but concurrently with the nine-year sentence imposed relative to count 2. Ross moved for leave to file a delayed appeal, and this Court granted leave. Ross raises six assignments of error for review. Some assignments of error are rearranged and some are consolidated to facilitate review.

II.

**ASSIGNMENT OF ERROR I**

JOSHUA ROSS'S CHANGE OF PLEA WAS RENDERED UNKNOWING AND INVOLUNTARY WHEN THE SENTENCING COURT FAILED TO SUBSTANTIALLY COMPLY WITH CRIM.R. 11(C)'S NOTICE REQUIREMENTS REGARDING MAXIMUM PENALTY AND EFFECT OF THE PLEA.

{¶5} Ross argues that he did not enter his guilty plea knowingly and voluntarily because the trial court failed to explain the maximum possible penalty associated with the firearms specification associated with count 4. This Court disagrees.

{¶6} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of

the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Compliance with the mandates of Crim.R. 11(C) allows for the determination of whether the defendant's plea was entered in a knowing, intelligent, and voluntary manner. *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). The rule provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilty beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

**{¶7}** While trial courts must strictly comply with the constitutional notifications of the rule, they need only substantially comply with the nonconstitutional notifications. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 14, 18. Substantial compliance requires that the defendant subjectively understand the implications of his plea based on a totality of the circumstances. *Id.* at ¶ 15. "Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with nonconstitutional rights [subject only to substantial compliance with Crim.R. 11(C)] will not invalidate a plea unless the defendant

thereby suffered prejudice." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. The test for prejudice is "whether the plea would have otherwise been made." *Nero*, 56 Ohio St.3d at 108, citing *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977).

{¶8} Ross argues that there was no substantial compliance with Crim.R. 11(C)(2)(a) because the trial court did not inform him of the maximum penalty associated with the firearm specification relevant to count 4 (having weapons while under disability). Ross concedes that the issue of maximum penalties implicates a nonconstitutional issue subject only to substantial compliance with the rule. He argues that the court did not substantially comply with the rule because it explained the maximum mandatory penalty only for the firearm specification associated with count 2 (burglary). In addition, Ross argues that, when inquiring as to his plea to counts 2 and 4, the trial court only mentioned the underlying felonies, not the firearm specifications.

{¶9} Under the totality of the circumstances, however, we conclude that Ross subjectively understood the nature of the charges against him and the maximum penalties involved. When the trial court first explained the charges, count 2 as amended and count 4 as indicted, it explained that there was a firearm specification associated with each felony. Ross asserted his understanding of the charges. He further asserted his understanding that his guilty plea to the offenses would constitute a complete admission that he committed the allegations as explained. The trial court next explained the maximum penalty for burglary and the three-year mandatory penalty for the firearm arm specification. It then explained the maximum penalty for having weapons while under disability, although it did not reiterate the penalty for the firearm specification associated with count 4. Ross further executed a written Plea of Guilty/Criminal Rule 11(C) document, which reiterated the nature of the two felonies and a firearm specification.

His written plea stated that he understood the nature of the charges and maximum penalties and that he had an opportunity to discuss his case with his attorney. Defense counsel stated on the record that Ross understood the mandatory prison sentence associated with the firearm specification. The assistant prosecutor stated on the record that the felony and firearm specification in count 2 would merge with the felony and firearm specification in count 4, and that the State would elect for Ross to be sentenced only on count 2. When the trial court inquired regarding Ross' plea, it made reference to the charges by count numbers. Under these circumstances, Ross had a clear understanding of the nature of the charges and the maximum penalties he faced. He was aware that each count carried a firearm specification, that the firearm specification carried a mandatory three-year prison term, and that the two counts would merge for purposes of sentencing.

{¶10} Moreover, Ross has not demonstrated prejudice, i.e., that he would not otherwise have pleaded guilty to the two counts. He alleges two bases for prejudice. First, he argues that it is prejudicial "to have that second specification sentence on his record, because it should not be there." To the extent that he is arguing that the trial court erroneously imposed a sentence on both felonies and firearm specifications when the parties agreed that the two counts would merge for sentencing, that is a sentencing issue that this Court will address in a later assignment of error. Second, Ross argues that he suffered prejudice because he was "surprised" by the sentence. He cites no authority for the proposition that surprise constitutes prejudice. Moreover, he does not assert that he would not have pleaded guilty under these circumstances.

{¶11} This Court concludes that the trial court substantially complied with the notification requirements in Crim.R. 11(C)(2) relevant to the nature of the offenses and the

maximum penalties associated with the charges. In addition, Ross has failed to establish that he was prejudiced by the trial court's notification. Ross' first assignment of error is overruled.

## ASSIGNMENT OF ERROR V

IT WAS ERROR TO DENY JOSHUA ROSS'S MOTION TO WITHDRAW HIS PLEA.

**{¶12}** Ross argues that the trial court abused its discretion by denying his post-sentence motion to withdraw his guilty plea. This Court disagrees.

**{¶13}** As a general matter, the decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court. *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). An abuse of discretion is more than an error in judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶14}** The law regarding a post-sentence motion to withdraw a guilty plea is well-settled.

> Pursuant to Crim.R. 32.1, a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea. In a post-sentence motion, the burden of establishing the existing of a manifest injustice is upon the individual seeking to withdraw the plea. A manifest injustice has been defined as a clear or openly unjust act. Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases.

(Internal citations and quotations omitted.) *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, ¶ 9.

**{¶15}** In support of his motion to withdraw his guilty plea, Ross averred in an affidavit that he was denied a preliminary hearing on the charges and that counsel was ineffective for waiving the preliminary hearing, that he was not advised of his right to appeal at sentencing, and that his constitutional rights were violated.

**{¶16}** Crim.R. 5(B) discusses when a preliminary hearing is necessary. The rule states, in relevant part: "The preliminary hearing shall not be held, however, if the defendant is indicted." Crim.R. 5(B)(1). Ross was indicted, and the record contains nothing prior to the indictment.

**{¶17}** Although Ross did not invoke Crim.R. 11(C) by name in either his motion to withdraw his plea or his accompanying affidavit, that rule does not require notification of the right to appeal. In addition, Ross executed a written plea of guilty document evidencing that he understood his limited appellate rights, including the right to appeal a maximum sentence. Moreover, Ross did not identify the constitutional rights he asserted were violated and which required withdrawal of his guilty plea. However, a "guilty plea waive[s] any complaint as to claims of constitutional violations not related to the entry of the guilty plea." *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 105. As he did not allege any constitutional violations related to the entry of his guilty plea, Ross has not demonstrated a manifest injustice requiring withdrawal of his plea.

**{¶18}** For the reasons above, Ross failed to demonstrate that withdrawal of his plea was necessary to cure a manifest injustice. Under the circumstances, the trial court did not abuse its discretion by denying his motion to withdraw his plea. Ross' fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE SENTENCE ON TWO FIREARM SPECIFICATIONS WAS CONTRARY TO LAW.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED PLAIN ERROR BY SENTENCING JOSHUA ROSS ON BOTH AMENDED COUNT 2 AND COUNT 4, WHEN THESE COUNTS SHOULD HAVE MERGED AS ALLIED OFFENSES OF SIMILAR IMPORT.

{¶19}  Ross argues that the trial court erred by imposing a sentence on count 4, having weapons while under disability and the associated firearms specification.  This Court agrees.

{¶20}  The Ohio Supreme Court recognizes:

R.C. 2941.25 "codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 23.  At the heart of R.C. 2941.25 is the judicial doctrine of merger; merger is "the penal philosophy that a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime." *State v. Botta*, 27 Ohio St.2d 196, 201 (1971).

*State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 13.

{¶21}  The high court has explained the application of the merger doctrine as follows:

When a defendant has been found guilty of offenses that are allied offenses, R.C. 2941.25 prohibits the imposition of multiple sentences.  *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 12.  Therefore, a trial court must merge the crimes into a single conviction and impose a sentence that is appropriate for the offense chosen for sentencing.  *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 41-43.

*State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, ¶ 17.

{¶22}  As an initial matter, this Court declines to consider the State's argument that the offenses of burglary and having weapons while under disability are not allied offenses of similar import in this case.  The State expressly asserted at the plea/sentencing hearing that the two counts were allied offenses of similar import and that the State was electing to proceed to

sentencing on the burglary count. The parties properly entered into a negotiated plea and the agreement was stated on the record in open court. *See* Crim.R. 11(F). The State cannot now be heard to attempt to modify the terms of that agreement.

{¶23} In this case, the trial court accepted Ross' guilty plea and found him guilty of both count 2 and count 4. Despite the parties' agreement that the counts were allied offenses and the State's election to proceed to sentencing on count 2, the trial court imposed a sentence on both count 2 and count 4 and ran those sentences concurrently. "The imposition of concurrent sentences is not the equivalent of merging allied offenses." *Damron* at ¶ 17. The trial court, therefore, improperly imposed a sentence for having weapons while under disability and that count's attendant firearms specification. This matter must, therefore, be remanded to the trial court for resentencing solely on the count elected by the State. Ross' second and third assignments of error are sustained.

### ASSIGNMENT OF ERROR IV

IT WAS PLAIN ERROR FOR THE TRIAL COURT TO ASSERT JURISDICTION OVER THE CASE, WHEN THE CHARGE WAS DISMISSED IN THE MUNICIPAL COURT AFTER JOSHUA ROSS HAD BEEN INCARCERATED FOR SEVENTEEN DAYS WITHOUT A PRELIMINARY HEARING OVER HIS OBJECTION AND MOTION TO DISMISS WITH PREJUDICE.

{¶24} Ross argues that the common pleas court did not have jurisdiction over this matter because the charges had to be dismissed for failure of the municipal court to accord him a timely preliminary hearing. This Court disagrees.

{¶25} R.C. 2945.73(A) provides that "[a] charge of felony shall be dismissed if the accused is not accorded a preliminary hearing within the time required by sections 2945.71 and 2945.72 of the Revised Code." Ross asserts that he was not accorded a preliminary hearing in

the municipal court within the statutorily required timeframe. Accordingly, he argues that the charges would have properly been discharged.

{¶26} The municipal court record is not before this Court for review. Accordingly, we have no ability or authority to consider this argument on appeal. The record does however contain the indictment. As we earlier recognized, Crim.R. 5(B) provides that no preliminary hearing shall be held if the defendant is indicted. Based on the record before us, there is nothing to indicate that the common pleas court was divested of jurisdiction to hear the criminal case before it. Ross' fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR VI

JOSHUA ROSS SUFFERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF U.S. CONST. AMEND. VI, XIV, AND OHIO CONST. ART. I, SEC. 10.

{¶27} Ross argues that his trial counsel was ineffective with regard to (1) sentencing issues previously raised in this appeal, and (2) the failure to raise jurisdictional issues. This Court disagrees.

{¶28} This Court uses a two-step process as set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to determine whether a defendant's right to the effective assistance of counsel has been violated.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*.

{¶29} Based on our resolution of Ross' second and third assignments of error resulting in remand to the trial court for resentencing, the majority of Ross' argument is rendered moot.

We, therefore, decline to address the issue of ineffective assistance of counsel with regard to the assigned sentencing errors. *See* App.R. 12(A)(1)(c).

**{¶30}** Ross further argues that trial counsel was ineffective for failing to raise the issue of the common pleas court's jurisdiction to proceed with the case based on his lack of a preliminary hearing in the municipal court. This Court reiterates that the record is devoid of information relevant to the case, if any, before the municipal court. Therefore, we have no knowledge of whether or not a preliminary hearing occurred. We further reiterate that Crim.R. 5(B) provides that no preliminary hearing shall be held if the defendant is indicted. Ross was indicted on four felonies and four firearm specifications in this case. Accordingly, there was no error in trial counsel's failure to challenge the jurisdiction of the common pleas court on the basis that the charges must be dismissed for failure to accord Ross a preliminary hearing. In the absence of any error, we cannot conclude that trial counsel was ineffective. Ross' sixth assignment of error is overruled.

III.

**{¶31}** Ross' first, fourth, fifth, and sixth assignments of error are overruled. His second and third assignments of error are sustained. The judgment of the Wayne County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded for resentencing consistent with this opinion.

Judgment affirmed in part,<br>reversed in part,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
DONNA J. CARR
FOR THE COURT


WHITMORE, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

CLARKE W. OWENS, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.