[Cite as *State v. Lewis*, 2014-Ohio-4559.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27222 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHNNL LANIER LEWIS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 13 05 1193 (A) |

DECISION AND JOURNAL ENTRY

Dated: October 15, 2014

HENSAL, Judge.

{¶1} Appellant, Johnnl Lanier Lewis, appeals his convictions in the Summit County Court of Common Pleas. For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2} On April 6, 2013, McDonald's employee, John Lehman, was fatally shot as he exited the restaurant to take out the garbage. The Grand Jury indicted Mr. Lewis for aggravated murder in violation of Revised Code Section 2903.01(B), felony murder in violation of Section 2903.02(B), aggravated robbery in violation of Section 2911.01(A)(1) and (3), having weapons under disability in violation of Section 2923.13(A)(2), and tampering with evidence in violation of Section 2921.12(A)(1). The aggravated murder, felony murder, and aggravated robbery charges also included firearm specifications under Section 2941.145.

{¶3} Mr. Lewis pleaded not guilty to the charges. He subsequently withdrew his not guilty pleas and entered guilty pleas to aggravated murder with the firearm specification, aggravated robbery, having weapons while under disability, and tampering with evidence. The felony murder charge and attendant firearm specification along with the gun specification for the aggravated robbery charge were dismissed. The trial court merged the aggravated robbery and aggravated murder convictions. Mr. Lewis was sentenced to 25 years to life in prison for aggravated murder, three years in prison on the attendant gun specification, three years in prison for having weapons under disability, and three years in prison for tampering with evidence. He was ordered to serve the sentence for the aggravated murder gun specification first and consecutive to the aggravated murder sentence. The trial court further ordered Mr. Lewis to serve the sentences for having weapons under disability and tampering with evidence concurrently with each other but consecutive to the aggravated murder with gun specification sentences for a total of 31 years to life in prison. The sentencing entry ordered Mr. Lewis to pay the costs of prosecution including attorney's fees. Mr. Lewis appeals raising six assignments of error for our review.

ASSIGNMENT OF ERROR I

[THE] TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ACCEPTING APPELLANT LEWIS'S GUILTY PLEA WITHOUT STRICTLY COMPLYING WITH THE REQUIREMENTS OF CRIMINAL RULE 11(C)(2)(C).

{¶4} In his first assignment of error, Mr. Lewis argues that his guilty pleas should be vacated because the trial court failed to properly advise him that he had the constitutional right to compulsory process to obtain witnesses in his favor. We disagree.

{¶5} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of

the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Criminal Rule 11(C)(2)(c) provides that, prior to accepting a guilty plea in a felony case, a court must inform the defendant that he is waiving certain rights. These rights include: (1) the right to a jury trial; (2) the right to confront witnesses against him; (3) the right to have compulsory process for obtaining witnesses in his favor; and (4) the right to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. The court must strictly comply with Rule 11(C)(2)(c) when informing a defendant of his constitutional rights prior to accepting his change of plea. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, syllabus.

{¶6} While the "preferred method" is that the trial court recite the Rule 11(C)(2)(c) language verbatim, a "trial court's failure to literally comply with Crim.R. 11(C) does not invalidate a plea agreement if the record demonstrates that the trial court explained the constitutional right 'in a manner reasonably intelligible to that defendant.'" (Emphasis deleted.) *Barker* at ¶ 14, quoting *Veney* at ¶ 27. "An alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record * * *." *Id*. at paragraph two of the syllabus.

{¶7} Mr. Lewis changed his plea on the day of trial. The court advised him that, by pleading guilty, he was giving up certain rights. Regarding his right to compulsory process, the court told him: "You'd have the right to present your own evidence and witnesses, and you could even subpoena people to come to court to testify for you." Mr. Lewis acknowledged that he understood that he was giving up those rights prior to entering his guilty plea. He also denied

having any questions about the rights he was waiving as a result of his plea when specifically asked by the court. We note that the record does not contain a written change of plea form.

**{¶8}** Mr. Lewis challenges the court's use of the word "could" to describe his right to subpoena witnesses. He argues that use of the word "could" connotes that compulsory process was a possibility rather than a guaranteed constitutional right that he was giving up by pleading guilty.

**{¶9}** We conclude that the court's description of Mr. Lewis's right to compulsory process was sufficient to advise him of such a right in a "reasonably intelligible" manner. *Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, at ¶ 14, quoting *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, at ¶ 27. The Ohio Supreme Court noted in *Barker* that "[t]he underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *Id*. at ¶ 15, quoting *Veney* at ¶ 18. We note that this is not a case wherein the court completely omitted any discussion of a constitutional right. *See Veney* at ¶ 30. The language the court employed in this case to describe Mr. Lewis's right to compulsory process was within the general context of what the court described as his "right" to present his own evidence and witnesses. Although the court did not use the specific word "right" when advising Mr. Lewis about his ability to subpoena witnesses, the court grouped this right together with other rights in its explanation. Further, it is clear from the context of the plea colloquy that the court was informing him of this right using "common, everyday words" that would be more understandable to a lay person like Mr. Lewis than the technical term of "compulsory process." *Barker* at ¶ 20. This Court further notes that Mr. Lewis indicated to the court that he understood the rights he was waiving by pleading guilty, that he did not have any questions about those rights, and he was

represented by counsel throughout the proceedings. *See State v. Coleman*, 9th Dist. Summit No. 26008, 2012-Ohio-1712, ¶ 11. Accordingly, his first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

[THE] TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ACCEPTING APPELLANT LEWIS'[S] GUILTY PLEA WITHOUT SUBSTANTIALLY COMPLYING WITH THE REQUIREMENTS OF CRIMINAL RULE 11(C)(2)(A).

**{¶10}** Mr. Lewis argues in his second assignment of error that his guilty pleas were not entered voluntarily, intelligently, or knowingly because the court improperly advised him he was eligible for post-release control when he was not so eligible and that the court's discussion about post-release control on his other charges was inaccurate. This Court disagrees.

**{¶11}** Criminal Rule 11(C)(2)(a) provides that, before accepting a guilty plea, the court must "[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." "While trial courts must strictly comply with the constitutional notifications of the rule, they need only substantially comply with the nonconstitutional notifications." *State v. Ross*, 9th Dist. Wayne No. 13CA0015, 2014-Ohio-1675, ¶ 7, citing, *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, at ¶ 14, 18. "Substantial compliance requires that the defendant subjectively understand the implications of his plea based on a totality of the circumstances." *Id*., citing *Veney* at ¶ 15. "[F]ailure to comply with nonconstitutional rights [subject only to substantial compliance with Crim.R. 11(C)] will not invalidate a plea unless the defendant thereby suffered prejudice." *Id*., quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id*., quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶12} Mr. Lewis argues that the court did not substantially comply with Criminal Rule 11(C)(2)(a) because it discussed post-release control on the having weapons under disability and tampering with evidence charges when he was only subject to parole due to his plea on the aggravated murder charge. He acknowledges that his aggravated murder conviction itself does not include the possibility for post-release control since it is an unclassified felony. *See State v. Brown*, 9th Dist. Wayne No. 11CA0054, 2013-Ohio-2945, ¶ 62. The practical result of his aggravated murder conviction is that, if he is ever released from prison, he will be supervised on parole rather than post-release control. *See* R.C. 2967.28(F)(4)(a) ("If a period of post-release control is imposed upon the offender and if the offender also is subject to a period of parole under a life sentence, * * * and if the period of post-release control ends prior to the period of parole, the offender shall be supervised on parole.").

{¶13} The court advised him as follows:

> COURT: You also need to know about the post-release control options. And on the weapon under disability charge and the tampering with evidence charge, you need to know that if you were sent to the penitentiary on those sentences and served those entire sentences, upon your release the Ohio Department of Corrections would have the option of placing you on post-release control for a period of up to three years. If during that period of time if you violated post-release control, you could be sent back to the penitentiary potentially for up to half your original prison sentence. You understand? That's only on the two lesser charges. On the murder charge you would be facing parole, and that may supersede post-release control * * *.
>
> [ATTORNEY]: Judge, we understand that you're required to do that. We didn't talk a whole lot about post-release control. That's why, because - -
>
> COURT: It's similar to parole.
>
> [ATTORNEY]: - - because he has the life tail.

COURT: And if you, in fact, plead guilty to the ag murder and these other lesser charges and were to receive parole, you would be on parole, you would not be on post-release control. * * * You understand? * * *

[MR. LEWIS] Yes.

COURT: If you have any questions on that, you can ask them.

{¶14} This Court concludes that the court substantially complied with Criminal Rule 11. Mr. Lewis does not separately challenge his sentence on the basis that the trial court should not have imposed post-release control on the having weapons while under disability and tampering with evidence convictions. Rather, the substance of his argument is that the trial court did not adequately explain, prior to accepting his plea, that, if he were ever released from prison, he would be supervised on parole rather than post-release control. Assuming arguendo that the court's colloquy was unclear or confusing to Mr. Lewis, it cleared up any ambiguity when it explained that, if he pleaded guilty to aggravated murder, he would be subject to parole rather than post-release control. Based on the totality of the circumstances, we have determined that Mr. Lewis subjectively understood that he would be subject to parole rather than post-release control on the having weapons under disability and tampering with evidence charges if he pleaded guilty to aggravated murder.

{¶15} In addition, Mr. Lewis also argues that, if the trial court was required to discuss post-release control despite the fact he was not eligible due to his aggravated murder plea, it failed to do so as it pertained to his plea for aggravated robbery. The State argued at the change of plea hearing that the aggravated robbery and aggravated murder charges should merge and elected to proceed on the aggravated murder charge. The court agreed and indicated that, since it would not sentence Mr. Lewis on the aggravated robbery charge due to the merger, "there's no

issue of post-release control on that charge." Consequently, the court did not inform him about post-release control in regard to the aggravated robbery charge.

{¶16} Revised Code Section 2941.25(A) provides that a defendant may be charged with two or more allied offenses of similar import, but may only be convicted of one offense. R.C. 2941.25(A); *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 17. A conviction for purposes of Section 2941.25 consists of a guilty verdict and a sentence. *Whitfield* at ¶ 12. "[T]o ensure that there are not improper cumulative punishments for allied offenses, courts must be cognizant that R.C. 2941.25(A) requires that 'the trial court effects the merger at sentencing.'" *Id*. at ¶ 18, quoting *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, ¶ 135. Accordingly, because the aggravated robbery offense merged with the aggravated murder charge, which is ineligible for post-release control, the court did not commit error when it did not discuss post-release control on that charge with Mr. Lewis. *See State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 38.

{¶17} Having concluded that the court substantially complied with Criminal Rule 11, we need not address the merits of Mr. Lewis's argument that he was prejudiced. We note, however, that there is nothing in the record to support his assertions that he would not have pleaded guilty and instead proceeded to trial if the court had discussed post-release control. Mr. Lewis's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING LEWIS TO CONSECUTIVE SENTENCES IN VIOLATION OF R.C. 2929.14(C).

### ASSIGNMENT OF ERROR IV

LEWIS WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL

FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS CONTRARY TO LAW.

{¶18} In his third assignment of error, Mr. Lewis argues that the trial court erred by sentencing him to consecutive sentences without making the required factual findings under Revised Code Section 2929.14(C)(4). We agree.

{¶19} Section 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶20} The Ohio Supreme Court recently held in *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177 that, in order to impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *Id*. at syllabus. The court does not, however, have to state reasons to support its findings. *Id*.

{¶21} The court ordered Mr. Lewis to serve the firearm specification sentence consecutively to the aggravated murder sentence. It further ordered Mr. Lewis to serve the sentences for having weapons under disability and tampering with evidence concurrently but consecutively to the aggravated murder and firearm specification sentences.

{¶22} Mr. Lewis concedes that the court found that (1) consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger he poses to the public, (2) at least two of the multiples offenses were committed as part of one or more courses of conduct, and (3) no single prison term would adequately reflect the seriousness of the offense. He argues, however, that the court failed to find that consecutive sentences were necessary to protect the public from future crime or to punish him.

{¶23} The court noted at the sentencing hearing that it considered Mr. Lewis's conduct "an extremely serious form of the offense" which was motivated by greed in attempting to rob the restaurant. It considered his conduct "inexplicable" for killing Mr. Lehman, who was a complete stranger to him and who had his hands up in the air when he was shot. The court expressed that it believed Mr. Lewis knew what he was doing was wrong and that he "was being greedy[,] * * * selfish[,] and only thinking of [himself]." We note that the trial court did make the required findings pursuant to Section 2929.14(C)(4) in its sentencing entry.

{¶24} The Ohio Supreme Court's holding in *Bonnell*, however, requires the trial court to make the Section 2929.14(C)(4) findings at both the sentencing hearing and in the sentencing entry. *Bonnell* at ¶ 29. Because the trial court did not make the correct findings under Section 2929.14(C)(4) at the time of sentencing, the imposition of consecutive sentences is contrary to

law and the matter must be remanded for resentencing.[1]  *State v. King*, 9th Dist. Summit No. 27069, 2014-Ohio-4189, ¶ 18.  Accordingly, Mr. Lewis's third assignment of error is sustained.

**{¶25}**  Mr. Lewis further argues that defense counsel was ineffective for failing to object to the court's imposition of consecutive sentences.  Given our resolution of Mr. Lewis's third assignment of error, we conclude that his fourth assignment of error is moot.  *See* App.R. 12(A)(1)(c).

ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST LEWIS WHEN IT WAIVED IMPOSITION OF THOSE COSTS AT SENTENCING[ ] AND WITHOUT COMPLYING WITH R.C. 2947.23(A)(1)(A).

**{¶26}**  Mr. Lewis argues in his fifth assignment of error that the trial court erred when the sentencing entry assessed him court costs and fees after it stated at the sentencing hearing that it would waive those costs since he was indigent.  He further maintains that the court erred in imposing costs without complying with the community service notification requirements of Revised Code Section 2947.23(A)(1)(a).  The State concedes the error.

**{¶27}**  Section 2947.23(A)(1)(a) provides:

In all criminal cases, including violations of ordinances, the judge * * * shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs.  If the judge * * * imposes a community control sanction or other nonresidential sanction, the judge * * *, when imposing the sanction shall notify the defendant of both of the following:

(i)     If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by

---

[1] We note that Section 2929.14(C)(1)(a) requires that his sentence on the firearm specification be served first and consecutively to the sentence on the aggravated murder conviction.  Because the statute requires a consecutive sentence, the trial court is not required to make Section 2929.14(C)(4) findings before imposing a consecutive sentence on that particular conviction.  *See State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 20-21.

the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(ii)     If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

**{¶28}** Former Section 2947.23(A)(1)(a) provided that the trial court must notify the defendant when imposing its sentence that he may be subject to the community service requirement. *See* R.C. 2947.23(A)(1)(a), effective Sept. 28, 2012. That subsection was revised effective March 22, 2013, to require that the court advise the defendant of the community service notification only when it imposes either a community control sanction or other nonresidential sanction. As the trial court imposed neither in this case, the court was not obligated to advise him about the possibility of community service.

**{¶29}** The sentencing hearing transcript reflects that the court waived the imposition of court costs due to Mr. Lewis's indigency. The sentencing entry, however, orders Mr. Lewis to pay the costs of prosecution and renders a judgment against him. The Ohio Supreme Court has held that the defendant must be given an opportunity at the sentencing hearing to seek a waiver of the payment of court costs. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 22. By first waiving court costs and then imposing them in the sentencing entry, the trial court has effectively deprived Mr. Lewis of the opportunity to seek a waiver of the costs if he is indigent. Accordingly, Mr. Lewis's fifth assignment of error is sustained.

ASSIGNMENT OF ERROR SIX

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING ATTORNEY FEES AGAINST LEWIS WITHOUT DOING SO IN OPEN COURT, AND WITHOUT MAKING AN 'ABILITY-TO-PAY' FINDING AS REQUIRED UNDER R.C. 2941.51(D).

{¶30} In his sixth assignment of error, Mr. Lewis argues that the trial court erred by imposing attorney's fees against him without first making the ability-to-pay finding required by Revised Code Section 2941.51(D). The State concedes the error.

{¶31} Section 2941.51(D) provides that:

> The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay.

"R.C. 2941.51(D) allows a trial court to order a defendant to pay some or all of his court-appointed attorney fees, but only after finding that the defendant is financially capable of doing so." *State v. Eader*, 9th Dist. Summit No. 26762, 2013-Ohio-3709, ¶ 23, quoting *State v. El-Jones*, 9th Dist. Summit No. 26136, 2012-Ohio-4134, ¶ 37. "When the trial court fails to determine that the defendant has the ability to pay at either the sentencing hearings or in the sentencing entries but nonetheless orders the defendant to pay attorney fees, the trial court fails to comply with R.C. 2941.51(D)." *Id.*, quoting *State v. Clark*, 9th Dist. Summit No. 26673, 2013-Ohio-2984, ¶ 21. "The appropriate remedy for such an error 'is a remand for a determination of [the defendant's] financial ability to pay for his court-appointed counsel.'" *Id.*, quoting *State v. Warner*, 9th Dist. Lorain No. 96CA006534, 2001 WL 1155698, *4 (Sept. 21, 2001).

{¶32} Our review of record reveals that the court failed to find that Mr. Lewis had the ability to pay attorney's fees at either the sentencing hearing or in the sentencing entry. Because the court failed to consider Mr. Lewis's ability to pay his attorney's fees prior to imposing them, this matter must be remanded for a determination of his ability to pay. *See Eader* at ¶ 24. Mr. Lewis's sixth assignment of error is sustained.

III.

**{¶33}** Mr. Lewis's first and second assignments of error are overruled, and his third, fifth, and sixth assignments of error are sustained. His fourth assignment of error is moot. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

15

MOORE, J.
CONCURS.


BELFANCE, P. J.
CONCURRING.

{¶34} I concur. I write separately to briefly address Mr. Lewis' third assignment of error. At the sentencing hearing, the trial court was required to make the findings outlined in R.C. 2929.14(C)(4). *See State v. Bonnell,* Slip Opinion No. 2014-Ohio-3177, syllabus. In the instant matter, at the sentencing hearing, the trial court focused much of its discussion on the seriousness of the offense but did not address whether consecutive sentences were necessary to protect the public from future crime or to punish Mr. Lewis. *See* R.C. 2929.14(C)(4). Thus, it failed to make all of the findings required by the statute. Accordingly, I agree that Mr. Lewis' third assignment of error has merit.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.