[Cite as *State v. Freeman*, 2014-Ohio-5725.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                                )
                                              )
    PLAINTIFF-APPELLEE,               )
                                              )        CASE NO. 14 MA 25
V.                                            )
                                              )        OPINION
TYRONE FREEMAN,                               )
                                              )
    DEFENDANT-APPELLANT.              )

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 12CR1261B

JUDGMENT:    Affirmed.


APPEARANCES:
For Plaintiff-Appellee    Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 West Boardman St., 6th Floor
Youngstown, Ohio 44503-1428
(No Brief Filed)

For Defendant-Appellant    Attorney John A. Ams
134 Westchester Drive
Youngstown, Ohio 44515



JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro


Dated: December 26, 2014

DONOFRIO, J.

**{¶1}** Defendant-appellant Tyrone Freeman appeals from his convictions and sentences entered in the Mahoning County Common Pleas Court following his guilty pleas to one count of engaging in a pattern of corrupt activity and four counts of aggravated robbery, two of which contained firearm specifications. Appointed appellate counsel has filed a no-merit brief presenting two potential assignments of error, and has requested to withdraw.

**{¶2}** Freeman, along with co-defendants, participated in a robbery of Family Dollar located in Boardman, Ohio, on September 22, 2012. Shortly after, on October 2, 2012, Freeman robbed Family Dollar of Youngstown. Subsequently, on October 19, 2012, Freeman participated in the robbery of a Subway in Youngstown. Then on November 10, 2012, Freeman participated again in the robbery of Family Dollar in Boardman. Freeman, who was age twenty at the time, enlisted the help of juveniles to assist him in committing these crimes.

**{¶3}** On January 10, 2013, a Mahoning County grand jury indicted Freeman, along with three co-defendants, in connection with the robberies. The indictment contained nine counts, six of which included Freeman: count one, engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1)(B)(1), a first-degree felony; counts two, three, four, and five, aggravated robbery in violation of R.C. 2911.01(A)(1)(C), first-degree felonies; and count seven, robbery in violation of R.C. 2911.01(A)(2)(B), a second-degree felony. Three of the aggravated robbery counts naming Freeman, counts two, three, and five, included firearm specifications pursuant to R.C. 2941.145(A).

**{¶4}** Pursuant to a Crim.R. 11 agreement, Freeman pleaded guilty on January 3, 2014, to count one (engaging in a pattern of corrupt activity) and counts two, three, four, and five (aggravated robbery), and the firearm specifications attendant to counts two and three. In exchange, the state moved to dismiss count seven (robbery) and the firearm specification attendant to count five.

**{¶5}** Freeman's sentencing hearing took place on February 5, 2014. The state recommended an 11-year prison term. (Sentencing Tr. 6.) The court sentenced

Freeman to concurrent five-year terms of imprisonment for count one (engaging in a pattern of corrupt activity) and counts two, three, four, and five (aggravated robbery). The court then sentenced Freeman to three-year terms of imprisonment for the firearm specifications attendant to counts two and three to be served prior and consecutive to the sentences imposed for counts one, two, three, four, and five, resulting in an aggregate sentence of 11 years in prison. This appeal followed.

**{¶6}** Appointed appellate counsel filed a no-merit brief on June 23, 2014. On July 30, 2014, this court issued a judgment entry informing Freeman of counsel's no-merit brief and granting him thirty days to file his own written brief. Freeman has not filed an appellate brief on his own behalf.

**{¶7}** As indicated, Freeman's appointed appellate counsel has filed a no-merit brief pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970), and setting forth two potential assignments of error. In *Toney,* this court recognized an indigent defendant's constitutional right to court-appointed counsel for direct appeal of their conviction. *Id.*, at paragraph one of the syllabus. After a conscientious examination of the record, counsel should present any assignments of error which could arguably support the appeal. *Id.*, at paragraph two of the syllabus. If instead counsel determines that the defendant's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, then counsel should inform the appellate court and the defendant of that by brief and ask to withdraw as counsel of record. *Id.*, at paragraph three and four of the syllabus. The defendant is then given the opportunity to raise, pro se, any assignments of error he chooses. *Id.*, at paragraph four of the syllabus. The appellate court then is duty bound to examine the record, counsel's brief, and any pro se arguments, and determine if the appeal is wholly frivolous. *Id.*, paragraph five of the syllabus. If after determining that the appeal is wholly frivolous, then the appellate court should permit counsel to withdraw and affirm the judgment of conviction and sentence. *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

**{¶8}** Appellant's appointed counsel has identified two potential issues for appeal: (1) whether there had been ineffective assistance of trial counsel and; (2) whether appellant entered into the plea voluntarily, knowingly and intelligently in accordance with Crim.R.11. Further, in accordance with *Toney*, this court's independent review of the case will analyze appellant's sentence. As such, appointed counsel's potential issues will be addressed first, followed by this court's independent review.

### *Effectiveness of Trial Counsel*

**{¶9}** Appellate counsel, in the *Toney* brief, raised the first potential assignment of error:

THE RECORD DOES NOT SHOW INEFFECTIVE ASSISTANCE OF COUNSEL.

**{¶10}** In order to prove ineffective assistance of counsel, an appellant must satisfy a two-prong test. First, the appellant must establish that counsel's performance was deficient, and second, the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Even if counsel's performance is considered deficient, a conviction cannot be reversed absent a determination that appellant was prejudiced. *State v. Dickinson*, 7th Dist. No. 03 CO 52, 2004-Ohio-6373, ¶ 13, citing *Bradley*, 42 Ohio St.3d at 142, 538 N.E.2d 373. To show that he has been prejudiced by trial counsel's deficient performance, appellant must prove that there is a reasonable probability that but for counsel's serious error, the result of the trial would have been different. *Id.*, citing *State v. Baker*, 7th Dist. No. 03 CO 24, 2003-Ohio-7008, ¶ 13; *State v. Keith*, 79 Ohio St.3d 514, 534, 684 N.E.2d 47 (1997).

**{¶11}** A court deciding an ineffective assistance claim does not need to "approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S.

at 697, 104 S.Ct. 2052, 80 L.Ed.2d 674. Further, the appellant must affirmatively prove the alleged prejudice occurred. *Id.* at 693, 104 S.Ct. 2052, 80 L.Ed.2d 674. Otherwise, any act or omission of counsel would satisfy the test. *Id.*

**{¶12}** The appellant bears the burden of proof on the issue of counsel's effectiveness, and in Ohio, a licensed attorney is presumed competent. *State v. Carter*, 7th Dist. No. 2000-CO-32, 2001 WL 741571 (June 29, 2001) citing *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). Furthermore, "strategic or tactical decisions will not form a basis for a claim of ineffective assistance of counsel." *Dickinson* at ¶ 11, citing *State v. Clayton*, 62 Ohio St.2d 45, 48-49, 402 N.E.2d 1189 (1980).

**{¶13}** In *Dickinson*, this court stated "[e]ffectiveness is, 'not defined in terms of the best available practice, but rather should be viewed in terms of the choices made by counsel.'" *Id.* at ¶ 12, quoting *State v. Wilkins*, 64 Ohio St.2d 382, 390, 415 N.E.2d 303 (1980). This court urged that the reasonableness of the attorney's decisions must be assessed at the time the decisions are made, and not at the time of assessment. *Id.*, citing *Wilkins*, 64 Ohio St.2d at 390, 415 N.E.2d 303.

**{¶14}** In the present case, there is nothing to suggest that trial counsel's performance was deficient. At the plea hearing, the trial court asked Freeman if he was satisfied with his legal representation, which he said he was. (Plea Tr. 11.) Additionally, at the sentencing hearing, counsel spoke on behalf of Freeman, emphasizing his young age, difficult environment, and his success in earning his GED. (Sentencing Tr. 9, 11.) Moreover, Freeman faced a potential 61-year prison term, but received only an 11-year prison term, which was the recommendation by counsel and the state. (Sentencing Tr. 8-13.) Thus, the record does not reveal any deficiency in the trial counsel's performance.

**{¶15}** Accordingly, the first potential assignment of error issue is without merit.

### Plea Colloquy

**{¶16}** The second potential assignment of error raised in appellant counsel's *Toney* brief states:

THE RECORD DOES NOT SHOW THAT APPELLANT'S PLEA
WAS INVOLUNTARY, UNKNOWING OR UNWILLING.

**{¶17}** Thus, this court must determine whether the plea was entered into voluntarily, knowingly and intelligently in accordance with Crim.R. 11. Crim.R. 11(C) states that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently and voluntarily. *State v. Wright*, 7th Dist. No. 09 MA 1, 2009-Ohio-4636, ¶ 13. These advisements are typically divided into constitutional rights and nonconstitutional rights. *Id.*

**{¶18}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial, and (5) that the defendant cannot be compelled to testify against himself. *Id.*, citing Crim.R. 11(C)(2)(c). If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31.

**{¶19}** The nonconstitutional rights are that: (1) the defendant must be informed of the nature of the charges; (2) the defendant must be informed of the maximum penalty involved, which includes an advisement on post-release control, if it is applicable; (3) the defendant must be informed, if applicable, that he is not eligible for probation or the imposition of community control sanctions, and (4) the defendant must be informed that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. *Wright* at ¶ 14, citing Crim.R. 11(C)(2)(a)(b); *Veney* at ¶¶ 10-13.

**{¶20}** For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea

on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15.

**{¶21}** In this case, the trial court strictly complied with Crim.R.11(C)(2)(c) in advising appellant of his constitutional rights. Freeman was informed that by pleading guilty he was waiving his right to a jury trial, to confront witness against him, to subpoena witnesses in his favor and to have the state prove at trial each and every element of the charges against him. (Plea Tr. 4-6.) Further, Freeman was informed that if he went to trial he could not be compelled to testify against himself and that by pleading guilty he was giving up that right. (Plea Tr. 6.) Freeman responded in the affirmative after the trial court's explanation that he understood these questions. (Plea Tr. 4-9.)

**{¶22}** Additionally, the trial court substantially complied with Crim.R. 11(C) in its advisement on the nonconstitutional rights. The trial court informed Freeman of the charges against him and the maximum penalties they carried. (Plea Tr. 7-9.) The court then told Freeman that after accepting the plea it was to proceed to sentencing. (Plea Tr. 7.) Finally, the court informed Freeman that he was eligible for post release control. (Plea Tr. 9.) Freeman indicated after the trial court's explanation that he understood these rights.

**{¶23}** Additionally, the trial court asked Freeman whether he understood and signed the plea agreement of his own free will and he affirmed that he had. (Plea Tr. 10-11.) Also, the court questioned whether Freeman was under the influence of drugs or alcohol and he responded that he was not. (Plea Tr. 10).

**{¶24}** In sum, after reviewing the transcript, the plea colloquy complied with Crim.R.11 (C). Thus, Freeman entered into his plea intelligently, voluntarily, and knowingly.

**{¶25}** Accordingly, the second potential assignment of error is without merit.

### *Sentencing*

**{¶26}** Our attention turns now to sentencing. The 11-year sentence imposed

by the trial court was the sentence jointly recommended by Freeman and the state. (Sentencing Tr. 12.) R.C. 2953.08, which governs appellate review of felony sentences, dictates that a felony sentence imposed upon a defendant is not subject to appellate review "if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). In abiding by the dictate of this provision, this court has observed that a sentence is authorized by law if it is within the statutory range of available sentences. *State v. Baird,* 7th Dist. No. 06CO4, 2007-Ohio-3400, ¶ 13, citing *State v. Gray,* 7th Dist. No. 02 BA 26, 2003-Ohio-805, ¶ 10.

**{¶27}** In this case, Freeman was convicted of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1)(B)(1) and four counts of aggravated robbery in violation of R.C. 2911.01. All five of the convictions are first-degree felonies. Additionally, two of the aggravated robbery convictions carried firearm specifications.

**{¶28}** The prison term for a first-degree felony shall be 3, 4, 5, 6, 7, 8, 9, 10, or 11 years. R.C. 2929.14(A)(1). Here, the trial court adopted the joint recommendation of Freeman and the state and sentenced Freeman to five years on each of the five counts, to run concurrently. Additionally, the court sentenced Freeman to three years on each of the two firearm specifications to be served prior and consecutively to the concurrent terms for the principal offenses, for a total of 11 years. Since Freeman's sentences fell within the range of sentences permissible for a first-degree felony, they were authorized by law and there is no error with them. *See State v. Koffel*, 7th Dist. No. 06 CO 36, 2007-Ohio-3177.

**{¶29}** While Freeman's individual sentences were authorized by law, whether the trial court's imposition of consecutive sentences was authorized by law may seem to be, at least at first glance, a different matter. R.C. 2929.14(C)(4), enacted pursuant to 2011 H.B. 86 effective September 20, 2011, creates a statutory presumption in favor of concurrent sentences and requires sentencing courts to make enumerated findings prior to imposing consecutive sentences. In construing R.C. 2929.14(C)(4), the Ohio Supreme Court has recently held that the sentencing court must make the

consecutive sentence findings *both* at the sentencing hearing *and* in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

**{¶30}** Here, it is apparent that the trial court did not adequately make the required findings at the sentencing hearing and in the judgment entry of sentence. However, R.C. 2929.14, which governs terms for felony sentences, provides:

> [I]f a mandatory prison term is imposed upon an offender * * * for having a firearm on or about the offender's person or under the offender's control while committing a felony, * * * the offender shall serve any mandatory prison term imposed * * * consecutively to and prior to any prison term imposed for the underlying felony * * *, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

R.C. 2929.14(C)(1)(a).

**{¶31}** Here, the only sentences that were ordered to be served consecutively were the sentences for the for the firearm specifications. Therefore, pursuant to R.C. 2929.14(C)(1)(a), the trial court was mandated by statute to order that the sentences for the firearm specifications be served consecutively to and prior to the sentences for the underlying felonies. And, thus, the finding requirements of R.C. 2929.14(C)(4) were not applicable to the case at hand. In other words, because the Ohio Revised Code requires imposition of consecutive sentences for firearm specifications attendant to their underlying felony offense, the trial court is not required to make R.C. 2929.14(C)(4) findings before imposing a consecutive sentence on that particular conviction. *State v. Lewis*, 9th Dist. No. 27222, 2014-Ohio-4559, ¶ 24, f.n. 1; *State v. A.H.*, 8th Dist. No. 98622, 2013-Ohio-2525, ¶¶ 20-21.

**{¶32}** The 11-year sentence the trial court imposed fell within the statutory range and, therefore, was authorized by law. Since Freeman's sentence was jointly

recommended, authorized by law, and imposed by the sentencing judge, he cannot appeal that sentence.

{¶33} In conclusion, for all the foregoing reasons, the potential assignments of error are without merit and an independent review of the case file reveals there are no appealable issues. The conviction and sentence is affirmed and appointed appellate counsel's motion to withdraw is granted.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.