[Cite as *State v. Perkins*, 2017-Ohio-154.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0115** |
| CHRISTOPHER G. PERKINS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CR 00436.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Rhonda L. Granitto Santha*, 6401 State Route 534, Farmington, OH 44491 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Christopher G. Perkins, appeals his sentence following his guilty plea to aggravated burglary. We affirm.

{¶2} Perkins was indicted on one count of aggravated burglary and one count of robbery for stealing a woman's purse from her home. He pleaded guilty to aggravated burglary and the state dismissed the robbery charge with court approval.

The parties jointly recommended a three-year prison term, and Perkins waived his right to a presentence investigation. The trial court accepted Perkins' guilty plea and imposed the recommended prison term.

**{¶3}** Appellant's sole assignment of error asserts: "Appellant was denied the opportunity to present evidence to overcome the presumption of imprisonment for his pled offense by the Trial Court's failure to request a pre-sentence investigation."

**{¶4}** R.C. 2953.08 sets forth certain rights and grounds on which to appeal a felony conviction. Whereas R.C. 2953.08(D)(1) sets forth an exception to the right to appeal: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

**{¶5}** "If all three conditions are satisfied, the defendant's sentence is not reviewable." *State v. Wardlow*, 12th Dist. Butler No. CA2014-01-011, 2014-Ohio-5740, ¶10, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶16.

**{¶6}** As for the first condition, whether a sentence is authorized by law, "a sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. A trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions. See *State v. Simpkins*, 117 Ohio St.3d 420, 2008 Ohio 1197, 884 N.E.2d 568, ¶27 ('Every judge has a duty to impose lawful sentences')." *Underwood*, supra, at ¶20.

**{¶7}** Perkins does not allege that any mandatory sentencing provisions were ignored in his case. Notwithstanding, a sentence is "authorized by law" for R.C.

2953.08(D)(1) purposes if it is within the statutory range of available sentences. *State v. Freeman*, 7th Dist. Mahoning No. 14MA25, 2014-Ohio-5725, ¶26.

{¶8} Perkins was convicted of aggravated burglary, a first-degree felony in violation of R.C. 2911.11. R.C. 2929.14(A)(1) dictates that if the court is required or elects to impose a prison term for a felony of the first degree, "the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years." The trial court's imposition of the three-year sentence was within the permissible range, and accordingly, the first condition is satisfied.

{¶9} The second and third conditions are also satisfied since the sentencing judge imposed the jointly recommended prison term consistent with Perkins' written guilty plea negotiated with the state.

{¶10} Accordingly, Perkins' sentence is not subject to review pursuant to R.C. 2953.08(D)(1), and as such, his sole assigned error lacks merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J., concurs in judgment only.
COLLEEN MARY O'TOOLE, concurs in judgment only.