[Cite as *State v. Green*, 2018-Ohio-3536.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2017-T-0073 |
| RICKY D. GREEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2016 CR 000038.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor; *Christopher Becker* and *Ashleigh Musick,* Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Carlo A. Ciccone,* 137 East Market Street, Warren, OH 44481 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Ricky D. Green, entered a plea of guilty to one count of murder with a firearm specification. The Trumbull County Court of Common Pleas accepted his plea and, on August 18, 2016, sentenced him to an aggregate term of 18 years to life. Appellant filed a delayed appeal from this judgment and his appointed, appellate counsel has filed a brief and requested leave to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967). Appellant was served with the brief and subsequently

filed a pro se appellate brief. After conducting an independent review of appellant's case, we conclude the instant appeal is wholly frivolous and affirm the trial court's judgment.

{¶2} Appellant was indicted on a single count of murder, with a firearm specification, in violation of R.C. 2903.02(A) & (D) and R.C. 2941.145. Appellant initially entered a plea of not guilty, but changed his plea to guilty. The signed plea agreement provided that appellant waived a presentence investigation report ("PSI") and that appellant and the state jointly recommended a sentence of 15 years to life on the murder count and a three-year term of incarceration on the firearm specification, to be served consecutively to one another.

{¶3} At the hearing on appellant's plea, the trial court engaged appellant in a full and thorough plea colloquy, during which the court discussed the penalty appellant was facing in light of the joint recommendation; the court further addressed the constitutional rights appellant agreed to waive if the court accepted the plea. Appellant represented he understood his rights and agreed to waive them. He additionally stated he was satisfied with his attorney's representation and had no questions relating to his plea of guilty. The state subsequently set forth the following factual basis:

{¶4} [H]ad this matter proceeded to trial, the State would have shown with respect to the sole count and the specification that on or about the date referenced in the Indictment, the Defendant shot and killed his wife, Janell Green, in the home located at 2594 Wakefield Creek, Farmdale, Trumbull County, Ohio. The Defendant then called 911 and spoke to a neighbor prior to the arrival of the paramedics and the Sheriff's Department. The State would have presented testimony from the Sheriff's deputies who investigated this case, the neighbor who spoke to the Defendant, the 911 operator, and two individuals at the hospital where the Defendant was taken where he made admissions to those individuals as well.

**{¶5}** Appellant spoke on his own behalf at the hearing and did not object to the state's factual basis. The court proceeded directly to sentencing and imposed the jointly-recommended sentence. Appellant filed a notice of appeal on November 3, 2016, which this court dismissed as untimely. Appellant subsequently filed a notice of delayed appeal, which was granted. Counsel was appointed for appellant, who later filed a brief pursuant to *Anders*, *supra*.

**{¶6}** In *Anders*, the United States Supreme Court held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and request to withdraw and give the client an opportunity to raise any additional issues. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id.*

**{¶7}** Pursuant to *Anders*, counsel's brief was properly served on appellant, who filed a merit brief. Counsel did not propose a specific assignment of error, but advanced several points for consideration. First, counsel notes:

**{¶8}** "The Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1, vested trial courts with discretion to deliver maximum and ranges of sentencing."

**{¶9}** R.C. 2953.08 sets forth certain rights and grounds on which to appeal a felony conviction. Whereas R.C. 2953.08(D)(1) sets forth an exception to the right to appeal: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

**{¶10}** First, "a sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. A trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions. See *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, ¶17 ('Every judge has a duty to impose lawful sentences')." *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, ¶20.

**{¶11}** There is nothing to suggest that any mandatory sentencing provisions were ignored in this matter. Moreover, "a sentence is 'authorized by law' for R.C. 2953.08(D)(1) purposes if it is within the statutory range of available sentences." *State v. Perkins*, 11th Dist. Trumbull No. 2015-T-01, 2017-Ohio-154, ¶7, citing *State v. Freeman*, 7th Dist. Mahoning No. 14MA25, 2014-Ohio-5725, ¶26. Appellant's sentence was within the applicable statutory range and thus was authorized by law. *See* R.C. 2929.02(B)(1) and R.C. 2941.145(A).

**{¶12}** The second and third conditions of R.C. 2953.08(D)(1) were also met; to wit: the sentence was jointly recommended by the state and appellant and the trial court imposed the recommended sentence. Hence, appellant's sentence is not subject to appellate review.

**{¶13}** Counsel's proposition that sentencing was proper is accurate and we discern no error.

{¶14} Next, counsel asserts, "[t]he record does not show ineffective assistance of counsel[,]" and "[t]here was no issue as to whether appellant's plea was knowingly, intelligently, and voluntarily made." Appellant, in his pro se brief, assigns the following proposed error:

{¶15} "Appellant was denied effective assistance of counsel, in violation of Amendments VI and XIV, of the United States Constitution and Article I, Section 10, Ohio Constitution."

{¶16} We shall address counsel's and appellant's points together.

{¶17} A properly licensed attorney is presumed effective in his or her representation of a defendant. *State v. Smith*, 17 Ohio St.3d 98, 100 (1985). In order to prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Ziefle*, 11th Dist. Ashtabula No. 2007-A-0019, 2007-Ohio-5621, ¶20. Specifically, appellant must show that counsel's performance was deficient and "must also show prejudice resulting from the deficient performance." *State v. Jackson*, 11th Dist. Ashtabula No. 2002-A-0027, 2004-Ohio-2442, ¶9.

{¶18} As a general proposition, the Supreme Court of Ohio has stated that a guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). Thus, if a criminal defendant admits his guilt in open court, he waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceeding unless it affected the knowing and voluntary character of the plea. *Id.*

{¶19} For purposes of an ineffectiveness claim in relation to a plea of guilty, an appellant must demonstrate that counsel's alleged deficient performance "'caused the

5

plea to be less than knowing and voluntary.'" *State v. Haynes*, 11th Dist. Trumbull No. 93-T-4911, 1995 WL 237075, *2 (Mar. 3, 1995), quoting *State v. Barnett*, 73 Ohio App.3d 244, 248-249 (2d Dist.1991). "Put differently, an appellant's plea of guilty waives his or her right to assert an ineffective assistance claim unless counsel's errors affected the knowing and voluntary character of the plea." *State v. Petway*, 11th Dist. Lake No. 2016-L-084, 2017-Ohio-7954, ¶11, citing *State v. Hill*, 10th Dist. Franklin No. 10AP-634, 2011-Ohio-2869, ¶15, citing *Spates, supra.*

{¶20} Appellant contends counsel was ineffective because he failed to perform an adversarial function during the course of the plea negotiations and for failing to file a motion to suppress evidence. Appellant, however, neither argues his plea was not knowingly and voluntarily entered, nor contends counsel's alleged deficiencies caused his plea to be so entered.

{¶21} At the plea hearing, the following exchange took place between appellant and the trial judge:

> {¶22} THE COURT: Nobody has to plead to any charge. You have the right to a trial and have the State of Ohio prove its case by proof beyond a reasonable doubt. Do you understand that?
>
> {¶23} THE DEFENDANT: Yes, sir.
>
> {¶24} THE COURT: At that trial, you have the right to have an attorney represent you. And if you couldn't afford one, one would be appointed at State's expense. Do you understand that?
>
> {¶25} THE DEFENDANT: Yes, sir.
>
> {¶26} THE COURT: Also at that trial, you have the right to cross examine any witnesses that testify against you. Do you understand that?
>
> {¶27} THE DEFENDANT: Yes, sir.
>
> {¶28} THE COURT: You would also have the right to subpoena witnesses to testify on your own behalf. Do you understand that?

6

{¶29} THE DEFENDANT: Yes, sir.

{¶30} THE COURT: You have a fifth amendment right under the constitution, and for trial purposes that means you don't have to take the stand if you don't want to, nobody could force you to testify. If you chose not to testify, nobody could comment about it. Do you understand that?

{¶31} THE DEFENDANT: Yes, sir.

{¶32} THE COURT: If you did go forward with a trial and were convicted, you would have an automatic right to appeal that conviction to the Court of Appeals. If you couldn't afford an attorney to do that appeal, one would be appointed for you at State's expense. Do you understand that?

{¶33} THE DEFENDANT: Yes, sir.

{¶34} All right. I am holding in front of me a document that's captioned as a Finding Guilty Plea to the Indictment. I'm going to ask you if you've gone over this form with your attorney?

{¶35} THE DEFENDANT: Yes, sir.

{¶36} THE COURT: Do you understand it?

{¶37} THE DEFENDANT: Yes, sir.

{¶38} THE COURT: Do you have any questions about it?

{¶39} THE DEFENDANT: No, sir.

{¶40} THE COURT: There's a place here for your signature. I'm going to ask you if that's your signature?

{¶41} THE DEFENDANT: Yes, sir.

{¶42} THE COURT: Did you sign that freely and voluntarily?

{¶43} THE DEFENDANT: Yes, sir.

{¶44} THE COURT: Any threats or promises made to you to cause you to sign this document?

{¶45} THE DEFENDANT: No, sir.

**{¶46}** THE COURT:  Are you satisfied your attorney has done what he can for you in this matter?

**{¶47}**  * * *

**{¶48}**  THE DEFENDANT:  Yes, sir.

**{¶49}**  The court subsequently requested a factual basis from the state, allowed appellant to speak on his own behalf, and accepted appellant's plea. There is nothing to suggest appellant's plea was not entered knowingly and voluntarily or that counsel's acts or omissions caused appellant to so enter the plea.  Further, appellant's argument that counsel was ineffective due to his failure to file a motion to suppress is unavailing. Appellant's plea of guilty did not result from unsuppressed evidence, but from appellant's admission to the facts in the indictment.  Hence, appellant cannot establish prejudice under *Strickland*. *State v. Bregitzer*, 11th Dist. Portage No. 2012-P-0033, 2012-Ohio-5586, ¶17, citing *State v. Fitzgerald*, 2nd Dist. Greene No. 2001-CA-124, 2002-Ohio-3914, ¶44.

**{¶50}**  Appellant's proposed assignment of error is without merit.

**{¶51}**  After an independent review of the record, we perceive no errors and conclude the instant appeal is wholly frivolous. The judgment of the Trumbull County Court of Common Pleas is affirmed and counsel's motion to withdraw is granted.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concurs.

8