[Cite as *State v. Jones*, 2019-Ohio-4921.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-A-0033** |
| MARKUS DUANE ANTHONY JONES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2018 CR 00436.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Edward F. Borkowski, Jr.*, P.O. Box 609151, Cleveland, OH 44109 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}     Appellant, Markus Duane Anthony Jones, entered a plea of guilty to one count of rape, a felony of the first degree. The Ashtabula County Court of Common Pleas accepted his plea and, on February 25, 2019, sentenced him to a term of 10 years in prison, as well as Tier III Sex Offender status upon release. Appellant filed an appeal from this judgment, and his current appointed counsel has filed a brief and requested leave to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967). On July 17,

2019, we issued an order holding the motion to withdraw in abeyance and granting appellant 30 days to submit a supplemental brief. Appellant was sent the order and has not filed a pro se supplemental brief. The state filed a responsive brief on July 16, 2019. After conducting an independent review of appellant's case, we conclude the instant appeal is wholly frivolous and affirm the trial court's judgment.

{¶2} Appellant was indicted on one count of rape, a felony of the first degree in violation of R.C. 2907.02(A)(1)(b), and one count of gross sexual imposition, a felony of the third degree in violation of R.C. 2907.05(A)(4)(C)(2). Appellant initially entered a plea of not guilty. On January 22, 2019, appellant changed his plea to guilty to an amended count of rape in violation of R.C. 2907.02(A)(1)(c), removing the language regarding the victim's age. Appellant and the state jointly recommended a sentence of 10 years on the amended rape count and dismissal of the gross sexual imposition count.

{¶3} At the hearing on appellant's plea, the trial court engaged appellant in a full and thorough plea colloquy, during which the court discussed the penalties appellant was facing in light of the joint recommendation. The court further addressed the constitutional rights appellant agreed to waive if the court accepted the plea. Appellant represented he understood his rights and agreed to waive them. He additionally stated he was satisfied with his attorney's representation and had no questions relating to his plea of guilty. He also stated the following:

> THE COURT: Mr. Jones, could you please tell the Court what happened that resulted in this charge being brought against you.
>
> APPELLANT: Well, Your Honor, it was a night I was off my meds and I was depressed. I was really depressed. I just – I went into a mood and – because [victim] was mad at me and I didn't want him mad at me, so I did what I did, Your Honor.

2

{¶4} After appellant had a chance to speak, the state added the following facts in support of the charge:

> For a period of time, the defendant was residing in the [Family]'s home. He was friends with [Father], the father of [Victim]. It was during that time there was sexual contact by Mr. Jones with [Victim] and, ultimately, it culminated to a point where Mr. Jones did perform oral sex on [Victim] while [Victim] was sleeping and it caused him to awaken. So that is the rape count for Count 1, as amended.

{¶5} The court proceeded to sentencing on February 25, 2019, and imposed the jointly recommended sentence of 10 years. Appellant filed a timely notice of appeal on March 6, 2019. New counsel was appointed for appellant, who later filed a brief pursuant to *Anders*, *supra*.

{¶6} In *Anders*, the United States Supreme Court held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and the request to withdraw and give the client an opportunity to raise any additional issues. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id.*

{¶7} Pursuant to *Anders*, appellate counsel's brief was properly served on appellant, who has not filed a merit brief. Appellate counsel did not propose a specific

assignment of error but advanced four potential issues for review. The first issue proposed by counsel challenges the change of plea and is as follows:

{¶8} "[1.] Whether the trial court complied with Criminal Rule 11 in ensuring Appellant's change of plea was knowingly, intelligently, and voluntarily made."

{¶9} Crim.R. 11(C)(2) states:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶10} The record reflects appellant was fully advised by the trial court about his constitutional rights. The court engaged appellant in the Crim.R. 11(C) colloquy to ensure he was knowingly, voluntarily, and intelligently pleading guilty to the charges resulting from the plea negotiations and accepting them as his own. After appellant waived each of his constitutional rights and assured the court he had no questions as to those rights, the court accepted his written plea of guilty and found him guilty as to the amended rape

4

charge. Further, the plea agreement appellant signed before sentencing specifically stated each of the rights he was waiving and advised him of the charges and possible penalties.

{¶11} Counsel's proposition that the trial court strictly complied with Crim.R.11(C) is accurate, and we discern no error.

{¶12} The next two issues proposed by counsel challenge the sentencing of appellant and are as follows:

> [2.] Whether the prison sentence imposed by the trial court is contrary to law.

> [3.] Whether the trial court properly weighed the statutory sentencing factors.

{¶13} R.C. 2953.08 sets forth certain rights and grounds upon which to appeal a felony conviction. Whereas R.C. 2953.08(D)(1) sets forth an exception to the right to appeal: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶14} "'[A] sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. A trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions.'" *State v. Green*, 11th Dist. Trumbull No. 2017-T-0073, 2018-Ohio-3536, ¶10, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶20.

{¶15} "'[A] sentence is "authorized by law" for R.C. 2953.08(D)(1) purposes if it is within the statutory range of available sentences.'" *Id.* at ¶11, quoting *State v. Perkins*,

11th Dist. Trumbull No. 2015-T-0115, 2017-Ohio-154, ¶7, citing *State v. Freeman*, 7th Dist. Mahoning No. 14MA25, 2014-Ohio-5725, ¶26. Appellant's sentence was within the applicable statutory range of 3 to 11 years and, thus, was authorized by law. *See* R.C. 2907.02(A)(1)(c) and R.C. 2907.02(B).

{¶16} The second and third conditions of R.C. 2953.08(D)(1) were also met; to wit: the sentence was jointly recommended by the state and appellant, and the trial court imposed the recommended sentence. Hence, appellant's sentence is not subject to appellate review.

{¶17} Counsel's proposition that sentencing was proper and not subject to review is accurate, and we discern no error.

{¶18} Next, counsel asserts a fourth potential issue:

{¶19} "[4.] Whether Appellant's counsel was ineffective."

{¶20} "In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell 'below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.'" *State v. Denihan*, 11th Dist. Ashtabula No. 2016-A-0003, 2016-Ohio-7443, ¶10, quoting *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus (adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Bradley, supra*, at 143.

{¶21} There is a general presumption that trial counsel's conduct is within the broad range of professional assistance. *Id.* at 142. Debatable trial tactics generally do

6

not constitute deficient performance. *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995). In order to show prejudice, the appellant must demonstrate a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Bradley*, *supra*, at paragraph three of the syllabus.

{¶22} "As a general proposition, the Supreme Court of Ohio has stated that a guilty plea 'represents a break in the chain of events which has preceded it in the criminal process.' *Green*, *supra*, at ¶18, quoting *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). "Thus, if a criminal defendant admits his guilt in open court, he waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceeding unless it affected the knowing and voluntary character of the plea." *Id.*

{¶23} In addition to the admission in court at the plea hearing, the trial court engaged in the proper colloquy to ensure a knowing and voluntary plea. After the state presented the facts of the charges, the court accepted the plea. Appellant's counsel successfully negotiated from a possible life sentence under the indicted offenses to a maximum sentence of 11 years under the amended rape count, of which appellant was sentenced to less than the maximum. There is nothing to suggest the representation by appellant's counsel fell below an objective standard of reasonable representation or that any prejudice arose from trial counsel's performance. Hence, appellant cannot establish either prong for demonstrating ineffective assistance of counsel under *Strickland*.

{¶24} Appellate counsel's proposition that appellant's trial counsel was not ineffective is accurate, and we discern no error.

{¶25} After an independent review of the record, we perceive no errors and conclude the instant appeal is wholly frivolous. The judgment of the Ashtabula County Court of Common Pleas is affirmed, and counsel's motion to withdraw is granted.

THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.