[Cite as *State v. Warfield*, 2023-Ohio-3021.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

RAHMOND WARFIELD,

      Defendant-Appellant.

CASE NO. 2022-T-0117

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00717

**O P I N I O N**

Decided: August 28, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*John P. Laczko*, John P. Laczko, LLC, City Centre One, Suite 975, 100 East Federal Street, Youngstown, OH 44503 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1}    Appellant, Rahmond Warfield, appeals the judgment of the Trumbull County Court of Common Pleas sentencing him to an indefinite prison term of two to three years following his guilty plea to burglary, a second-degree felony.

{¶2}    Warfield's appellate counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there are no meritorious issues for review. After an independent review of the record pursuant to *Anders*, we find that the appeal is wholly frivolous. Thus, we grant

counsel's motion to withdraw and affirm the judgment of the Trumbull County Court of Common Pleas.

## Procedural and Substantive History

{¶3} On October 19, 2021, the Trumbull County Grand Jury indicted Warfield on one count of burglary, a second-degree felony, in violation of R.C. 2911.12(A)(1) and (D). Warfield failed to appear for his arraignment, and a bench warrant was issued for his arrest. Warfield was subsequently arrested on the warrant and was arraigned on November 22, 2021. Warfield pleaded not guilty and was released on bond.

{¶4} On January 25, 2022, Warfield, through counsel, filed a motion for a competency evaluation and a plea of not guilty by reason of insanity. The trial court granted Warfield's motion and directed the Forensic Psychiatric Center of Northeast Ohio, Inc. to conduct a forensic examination.

{¶5} The trial court held a hearing on July 18, 2022. The state and Warfield appeared with their respective counsel and stipulated to the competency report of Jessica Hart, Ph.D. In a judgment entry filed on August 10, 2022, the trial court found by a preponderance of the evidence that Warfield was competent to stand trial.

{¶6} Mr. Warfield failed to appear for a pretrial hearing scheduled for September 12, 2022, at which time a bench warrant was issued for his arrest. He subsequently turned himself in.

{¶7} At a pretrial hearing held on September 19, 2022, the parties notified the trial court they had reached a proposed plea agreement in which Warfield would plead guilty to the indictment and undergo a pre-sentence investigation ("PSI"). The trial court engaged in a plea colloquy with Warfield pursuant to Crim.R. 11(C)(2).

2

{¶8} During the colloquy, the trial court engaged in an extensive discussion with Warfield regarding his mental condition. Warfield indicated he was diagnosed as schizophrenic and had not received his last monthly medication shot. In response to the trial court's inquiries, Warfield confirmed he understood what his counsel was telling him and the questions the trial court had been asking. He also confirmed that his lack of medication was not affecting his ability to understand what was taking place in the case. The trial court stated, "Well, if it comes to a point where you think you don't understand what's going on, you have to tell me. Will you do that?" Warfield responded in the affirmative and stated he still wished to proceed with the plea.

{¶9} The trial court next informed Warfield regarding the written plea agreement; the nature of the charge; Warfield's eligibility for community control sanctions; the possible imposition of an indefinite prison sentence, a fine, costs, and post-release control; the constitutional rights he would be waiving by pleading guilty; and the nature and purpose of a PSI. The transcript indicates that on several occasions, Warfield conferred with counsel before responding to the trial court's inquiries. However, Warfield confirmed his understanding of the trial court's advisements.

{¶10} Following the colloquy, Warfield entered a guilty plea to burglary. As a factual basis, the state indicated that on July 21, 2021, Warfield entered a residence in Warren, Ohio, when the owner was present. At the time Warfield was apprehended, he was found to be in possession of the owner's passport and other belongings. The trial court found Warfield's guilty plea was made knowingly, intelligently, and voluntarily; accepted Warfield's guilty plea; and ordered a PSI.

3

{¶11} At the sentencing hearing held on November 7, 2022, the trial court sentenced Warfield to an indefinite prison term of two to three years and notified him regarding mandatory post-release control. On November 15, 2022, the trial court filed a judgment entry memorializing Warfield's guilty plea and sentence.

{¶12} Warfield, through counsel, filed a notice of appeal. His appellate counsel filed a brief pursuant to *Anders*, *supra*, asserting that there were no non-frivolous issues for review, and a motion to withdraw. Appellate counsel also set forth the following two proposed assignments of error:

{¶13} "[1.] The trial court erred by accepting appellant's guilty plea when that plea was not entered knowingly, intelligently and voluntarily due to appellant's mental state at the time of the plea and therefore appellant's conviction and sentence must be vacated.

{¶14} "[2.] Appellant's sentence is unconstitutional pursuant to Reagan Tokes Law, R.C. 2967.271, as it violates the sep[a]ration of powers doctrine and the Equal Protection Clause of the United States and Ohio Constitutions."

**Standard of Review**

{¶15} In *Anders*, the Supreme Court of the United States held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and the request to withdraw and give the client an opportunity to raise any additional issues. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is

4

wholly frivolous. *Id.* If the court finds the appeal wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel. *Id.*

{¶16} This court issued a judgment entry granting Warfield 30 days to file his own submission if he so chose. Warfield did not file his own submission. Accordingly, we proceed to conduct an independent review of the record pursuant to *Anders.*

## Guilty Plea

{¶17} As his first proposed assignment of error, counsel asserts the trial erred by accepting Warfield's guilty plea. He argues that based on Warfield's mental state during the plea hearing, Warfield's plea was not made knowingly, intelligently, and voluntarily.

{¶18} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶19} "The constitutional standard for assessing a defendant's competency to enter a guilty plea is the same as that for determining his competency to stand trial." *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 56. The defendant must have "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding'" and "'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993), quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). "'The fact that a defendant is taking * * * prescribed psychotropic drugs does not negate his competence to stand trial.'" *Montgomery* at ¶ 56,

5

quoting *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 71; *see* R.C. 2945.37(F).

{¶20} In addition, a trial court must comply with the requirements in Crim.R. 11(C)(2), which provides, in relevant part:

{¶21} "In felony cases the court * * *shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing all of the following:

{¶22} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶23} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶24} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶25} We do not find any meritorious issues for review in relation to Warfield's competence to enter his guilty plea. The state and Warfield previously stipulated to the competency report of Jessica Hart, Ph.D. Based on her report, the trial court found by a preponderance of the evidence that Warfield was competent to stand trial.

6

Case No. 2022-T-0117

**{¶26}** Further, a review of the plea hearing transcript demonstrates that the trial court engaged in an extensive discussion with Warfield regarding his mental condition and the fact he had missed his most recent medication dose. Warfield confirmed he was able to understand his conversations with counsel, the trial court's questions, and what was taking place in his case.

**{¶27}** We also do not find any meritorious issues for review in relation to the trial court's compliance with Crim.R. 11(C)(2). A review of the plea hearing transcript demonstrates that the trial court engaged in a thorough plea colloquy with Warfield that fully complied with Crim.R. 11(C)(2) and that Warfield confirmed his understanding of the trial court's advisements. Thus, Warfield's guilty plea was entered knowingly and voluntarily.

**{¶28}** Finally, we note that "an appellant's plea of guilty waives his or her right to assert an ineffective assistance claim unless counsel's errors affected the knowing and voluntary character of the plea." *State v. Green*, 11th Dist. Trumbull No. 2017-T-0073, 2018-Ohio-3536, ¶ 19. We discern nothing in the record indicating counsel made any errors impacting the voluntariness of Warfield's guilty plea.

**{¶29}** Accordingly, the first proposed assignment of error is without merit.

### Indefinite Prison Sentence

**{¶30}** As his second proposed assignment of error, appellate counsel contends Warfield's indefinite prison sentence is unconstitutional because the Reagan Tokes Law (codified in R.C. 2967.271) violates the separation of powers doctrine and the rights to a trial by jury, due process, and equal protection.

7

Case No. 2022-T-0117

{¶31} Warfield did not raise his constitutional challenge below. "[T]he question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). "While an appellate court may hear a constitutional challenge that has not been raised below, such an issue is evaluated only for plain error." *State v. Shannon*, 11th Dist. Trumbull No. 2021-T-0049, 2022-Ohio-4160, ¶ 42. "When the court hears an appeal for plain error, it must presume the constitutionality of the statute at issue and will not invalidate it unless the challenger establishes that it is unconstitutional beyond a reasonable doubt." *State v. Freetage*, 11th Dist. Portage No. 2020-P-0083, 2021-Ohio-4050, ¶ 34.

{¶32} The constitutionality of the Reagan Tokes Law is now settled. The Supreme Court of Ohio has held that the law does not violate the doctrine of separation of powers or the constitutional rights to due process or trial by jury, and, further, that it is not void for vagueness. *See State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, ¶ 40-41. Several districts have also held that the Reagan Tokes Law does not violate equal protection. *See, e.g., State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 17, fn. 2; *State v. Ratliff*, 2022-Ohio-1372, 190 N.E.3d 684, ¶ 62 (5th Dist.), *appeal accepted*, 167 Ohio St.3d 1481, 2022-Ohio-2765, 192 N.E.3d 516, ¶ 30; *State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962, ¶ 68, *appeal accepted*, 168 Ohio St.3d 1418, 2022-Ohio-3752, 196 N.E.3d 850.

{¶33} Accordingly, the second proposed assignment of error is without merit.

Case No. 2022-T-0117

{¶34} After an independent review of the record, we conclude the instant appeal is wholly frivolous. Counsel's motion to withdraw is granted, and the judgment of the Trumbull County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2022-T-0117